FORM TO BE USED BY FEDERAL PRISONERS FOR FILING A PETITION FOR WRIT OF
HABEAS CORPUS UNDER TITLE 28 U.S.C. § 2241

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

**GENNARO ANGIULO - 03583-016**
Petitioner
Federal Medical Center Devens
Post Office Box 879
Ayer, MA 01432-0879
(Full name under which you were convicted;
Prison Number; Full Mailing Address).

VS.

**UNITED STATES OF AMERICA**
Respondent(s)
U.S. Attorney's Office - U.S. Courthouse
One Courthouse Way, Boston, MA 02210
**Warden DAVID L. WINN**
(Name of Warden or other authorized person
having custody of Petitioner).

04-40041

CIVIL ACTION NO.
RECEIPT # 404286
AMOUNT $ 5.00
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 3-29-04

PLEASE COMPLETE THE FOLLOWING. READ THE ENTIRE PETITION BEFORE FILLING IT
OUT. ANSWER THOSE QUESTIONS WHICH PERTAIN TO YOUR TYPE OF CLAIM.

1. This petition concerns: (check appropriate blank)

   _____ A conviction
   _____ A sentence (CAUTION: If you are attacking a sentence imposed under a Federal Judgment, you
              must file a direct motion under 28 U.S.C. § 2255 in the Federal Court which entered the
              Judgment).
   _____ Jail or prison conditions
   _____ Prison discipline issue
   **XXX** A parole problem
   **XXX** Other. State briefly: Denial of Due Process under Parole Board Rule 219(c)
   _____
   _____

2. Place of detention:  Federal Medical Center Devens - J-Unit
                        Post Office Box 879
                        Ayer, MA 01432-0879

1

**HAVE YOU FILED PREVIOUS PETITIONS FOR HABEAS CORPUS MOTION UNDER TITLE 28 U.S.C. § 2255, OR ANY APPLICATIONS, PETITONS OR MOTIONS WITH RESPECT TO THIS CONVICTION?**

___XXX___ Yes    _____ No

3. If your answer is "yes," give the following information:

a. Name of the Court: U.S. District Court, District of Massachusetts, Boston

b. Nature of proceeding: Rule 35(b) - 28 U.S.C. §2241 - 28 U.S.C. §2255

c. Grounds raised:
Rule 35(b): Motion for reduction of sentence
28 U.S.C. §2241 : Due Process Violations re "Brady" and "Giglio"
28 U.S.C. §2255 : Due Process Violations re "Brady", "Giglio" - Jencks Act

d. Result: Rule 35(b) : Denied ; 28 U.S.C. §2241 : Dismissed without prejudice ;
28 U.S.C. §2255 : Denied as untimely

e. Date of result: Rule 35(b): 4/25/94; §2241: 5/22/01; §2255: 7/26/02

f. Citation or number of any written opinion or order entered pursuant to each such disposition:
Rule 35(b): Cr No 83-235, Young D.J.; §2241: CivNo 00-12191, Young D.J.;
§2255: CivNo 02-10402

4. If you did not file a motion under section 2255 of Title 28 U.S.C., or if you filed a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention:
Petitioner's parole problem and violations of due process during parole hearing on August 28, 2003, can only be addressed under 28 U.S.C. §2241.

5. Does counsel presently represent you? _____ Yes ___XXX___ No

If so, Name address and phone number of counsel: N/A

6. Name and location of court, which imposed sentence:
United States District Court, District of Massachusetts
One Courthouse Way, Boston, MA 02210

2

7. Indictment or case number, if known: <u>Cr No 83-235 N</u>

8. Offense or Offenses for which sentence was imposed: <u>18 USC §1962(d) and (c) - 20 years;</u>
<u>18 USC §1955 - 5 years; 18 USC §892(a), 894(a) - 15 years; 18 USC §1503 - 5 years</u>

9. Date upon which sentence was imposed and the term of the sentence: <u>April 3, 1986</u>
<u>45 years and $120,000 fine</u>

10. When was a finding of guilt made? (Check one)
   _____ After a plea of guilty

   **XXX** After a plea of not guilty

   _____ After a plea of Nolo Contendre

11. If you were found guilty after a plea of not guilty, was that finding made by:
   **XXX** A jury

   _____ A judge without a jury

12. Did you appeal the judgment of the conviction or the imposition of a sentence?  **XXX** Yes _____ No

13. If you did appeal, give the following information for each appeal:

a. Name of court: <u>First Circuit Court of Appeals, Boston Massachusetts</u>
           <u>United States Supreme Court</u>
b. Result: <u>Affirmed in Part, Reversed in Part and Remanded</u>

c. Date of result: <u>March 5, 1990</u>

d. Citation or number of opinion: <u>United States v. Angiulo, 897 F.2d 1169 (1990)</u>

e. Grounds raised: (List each one)
           <u>See attached Sheet (page 3-A)</u>

NOTE: If you appealed more than once, attach an additional sheet of paper the same size, give all the information requested above in question number 13, a through e. DO NOT WRITE ON BACK OF PAGE.

**13. e. Grounds raised: (List each one)**

1. RICO statute in use of term "Pattern" was constitutionally vague.

2. There was an abuse of discretion in denial of change of venue on grounds of pre-trial publicity.

3. There was error in failing to dismiss several jurors on grounds of bias and misconduct.

4. There was error in allowing F.B.I. agent's expert testimony without requiring a disclosure of informant information.

5. There was error in Government's failure to offer immunity to defense witness.

6. Evidence was insifficient to support conviction of defendant on predicate accessory to murder charge and this required reversal of RICO conviction for defendant.

7. It was error for trial court to instruct the jury on general standard for admissability of co-conspirator statements in addition to giving limiting instructions during the course of the trial.

8. Property should not have been subject to forfeiture on grounds that it afforded a source of influence over an illegal enterprise.

14. Summarize <u>briefly</u> the facts supporting each ground. If necessary attach a single page behind this page.

**CAUTION:** If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

a. Ground one: ___See Page 4a___

Supporting Facts: (Tell your story BRIEFLY without citing cases or law. You are CAUTIONED that you must state facts not <u>conclusions,</u> in support of your grounds. E.g., who did exactly what to violate your rights at what time or place).

___See Page 4b___

b. Ground Two:
___See Page 4c___

Supporting Facts: ___See Page 4d1 and Page 4d2___

Ground Three:

Supporting Facts:

4

Ground One:

A. The amendments on December 7, 1987, to the original version of 235(b)(3) of the S.R.A. of October 12, 1984, by (Pub. Law 100-182, S.A. of 1987 101 Stat. 1266) which were used to deny petitioner parole on September 17, 2003, violated the Ex Post Facto laws re. petitioner.

B. The pre-existing parole statute 18 U.S.C. §4206 applied re. petitioner on September 17, 2003, to deny parole had been repealed as of October 31, 1992 by CCCA, Pub. Law 98-473, Ch. II, §§218(a)(5), 235(b)(1), 98 Stat. 2027-2032 October 12, 1984, and the Sentencing Reform Act of 1985, Pub. Law 99-217, §4, 99 Stat 1728 December 26, 1985, and the use of §4206 to deny petitioner parole violated petitioner's "substantial" liberty interest, which was created by §224(c) and §235(b)(1)(3) of Pub. Law 98-473 CCCA of 1984, Ch. II, 98 Stat. 1837.

Ground one:

Supporting facts:

On September 17, 2003, the U.S. Parole Commission used a pre-existing parole statute, 18 U.S.C. §4206, to deny petitioner's parole. The S.R.A. effective October 12, 1984, had abolished the Parole Board and Parole statutes as of October 30, 1992, and the terms for establishing petitioner's mandatory parole release date were set forth by §235(b)(3) of §235(b) which mandated that

> "The U.S. Parole commission <u>shall</u> set a release date for an individual who will be <u>in</u> its jurisdiction the day before the expiration of <u>five</u> years after the effective date of this act, that is <u>within</u> the range that applies to the prisoner under the applicable parole guideline."

Petitioner's applicable parole guidelines (Salient Factor 9, Severity 8) that applied to petitioner, mandated that he be granted parole after serving 100+ months but no more than 148 months. Petitioner lawfully should have been granted immediate parole at his initial hearing on August 28, 2003, as petitioner had already served 240 months.

- 4b -

Ground Two:

A.  The use of the amendments of December 7, 1987, to the original version of §235(b)(3) of the S.R.A. of October 12, 1984, by Pub. Law 100-182 S.A. of 1987, 101 Stat. 1266, which were a violation of the Ex Post Factor laws re petitioner's parole, violated petitioner's "Constitutional Due Process Rights."

B.  The violations by the examiner and the Parole Board in not adhering to the "Provisions of the Parole Board", 28 C.F.R. §219(c), which states

> The opportunity to respond to the evidence in the documents used to deny parole <u>must</u> take place <u>before</u> the examiner and parole commission proffer their recommendation.

violated petitioner's Constitutional Due Process Rights at the initial hearing and the commission's "Notice of Action Review" as petitioner was not advised, shown or informed as to what evidence and a statement of facts were taken into consideration, prior to or after they were considered and used to deny petitioner an immediate parole release, thereby violating petitioner's "Due Process Rights" by failing to provide a hearing complying with 28 C.F.R. §219(c)

Ground two:

Supporting facts:

A.  The use of the amended version of §235(b)(3) which reinstated the pre-existing parole statute 18 U.S.C. §4206 on December 7, 1987, which was used to deny petitioner immediate parole on September 17, 2003, at his initial hearing, was a direct violation of petitioner's Constitutional Due Process Rights due to the fact that the amended version of §235(b)(3) violated the Ex Post Facto laws re. petitioner.

B.  The examiner and parole commission did not comply with the parole commission rule 28 C.F.R. §219(c) in the case at bar, thereby denying petitioner's Constitutional Due Process Rights. Parole Board Rule 28 C.F.R. §219(c) states

> "The examiner or Commission may take into account any substantial information available to it... provided the prisoner is apprised of the information and afforded an opportunity to respond."

Furthermore, the opportunity to respond to the evidence in the documents used to deny parole must take place before the examiner and parole commission proffer their recommendation.

Petitioner was never apprised of any evidence used to deny petitioner immediate parole, which constituted a violation of 28 C.F.R. §2.53 by failing to provide a hearing complying with 28 C.F.R. §219(c).

First, petitioner did not receive an opportunity at his initial parole hearing to rebut allegations of organized crime after the hearing examiner had ruled on petitioner's parole eligibility. This action on the part of the examiner and Parole Commission constituted a violation of 28 C.F.R. §2.53

- 4d1 -

by failing to provide a hearing complying with 28 C.F.R. §219(C).

Second, petitioner was denied proper notice of the <u>factual</u> allegations supporting the Parole Commission's determination that petitioner was a member of "La Cosa Nostra" when it did not inform petitioner of any essential piece of information upon which it relied when it determined that petitioner was a member of "La Cosa Nostra." Either of these two errors is serious enough to warrant the District Court to set aside the Commission's action and remanding for a new hearing due to the Commission's failure to comply with its own regulations, thereby violating petitioner's Due Process Rights.

15. If this petition concerns jail or prison conditions, prison discipline, a parole problem or other cause under 28 U.S.C. § 2241, answer the following:

a. Did you present the facts in relation to your present complaint in the internal prison grievance procedure?

___**XXX**___ Yes _____ No

(1) If your answer to "a" above is yes, what was the result? <u>Parole Hearing Recommended - August 28, 2003</u>

(2) If your answer to "a" above is no, explain: _____

b. Did you present your claim to the Bureau of Prisons or other federal agency for administrative action?

___**XXX**___ Yes _____ No

(1) If your answer is "yes," state the date such claim was submitted and what action, if any has been taken:
<u>Submitted April 28, 2003.  Initial Parole Hearing granted and held</u>
<u>August 28, 2003.  Parole denied, continue to expiration</u>, ~~Appealed~~
<u>Notice of action 9/26/03 - Denied 2/27/04</u>

(2) If your claim has not been acted on, attach copies of any correspondence you have received from the Bureau of Prisons or other federal agency concerning you.

c. **STATEMENT OF CLAIM:** State here as briefly as possible the facts of your case. DO NOT give any legal arguments or cite any cases or any statutes. Attach extra pages of the same size to this page if more room is necessary. DO NOT write on the reverse side of this page.

<u>See Page 5-A through 5-D</u>

5

Petitioner committed and was convicted of 18 U.S.C. §1962(d) and (c) (RICO offenses) on February 26, 1986, and on April 3, 1986, was sentenced to an aggregate prison term of 45 years. On 2003, after serving twenty (20) years of his sentence, petitioner had an initial parole hearing. The Parole Commission determined that under the applicable guideline, petitioner would normally be eligible for parole after serving 100-148 months, i.e. no later than August 1998. However, the Commission determined that a parole eligibility date outside the guideline range was warranted, due to the prosecution's March 11, 1986, P.S.R. allegation, that assumed that petitioner held a key managerial position in an organized crime family. In postponing petitioner's eligibility date, the Commission apparently relied on 18 U.S.C. §4206(c), which authorized the Commission to set release dates outside the guideline range for "good cause." Finding good cause, the Commission continued petitioner's incarceration until a mandatory release date in May 15, 2010; more than eleven (11) years beyond the maximum term in petitioner's guideline range. Petitioner is filing this petition for a Writ of Habeas Corpus in this federal District Court pursuant to 28 U.S.C. §2241. Petitioner raises two challenges to the departure from his guideline range pursuant to the use of the 1987 amendment to §235(b)(3) of the S.R.A. of October 12, 1984 by Pub. L. 100-182, Sentencing Act of 1987, 101 Stat. 1266, December 7, 1987: First, that application of this amendment violated the Constitutional prohibition against "Ex Post Facto" laws. In order to find a criminal law to be "Ex Post Facto," it must be retrospective, applying to events prior to its enactment, and it must also disadvantage the offender affected by it. As to the

first element, the 1987 amendment to §235(b)(3) is clearly retrospective. The parole transition sections to which §235(b)(3) belongs apply to prisoners sentenced <u>before</u> the S.R.A.'s effective date. The 1987 amendment also disadvantages petitioner when it was applied to postpone his release date beyond his maximum guideline range of 148 months. Therefore, the amended §235(b)(3) is unconstitutional as applied to deny petitioner's parole.

After serving 240 months of a 45 years sentence imposed on <u>April 3, 1986</u>, Petitioner applied for and was granted an <u>initial</u> parole hearing, which was held on August 28, 2003, at the Federal Medical Center Devens in Ayer, Massachusetts.

On October 12, 1984, the S.R.A. containing §235(b) became effective. Section 235(b)(3) of §235(b) granted parole <u>within</u> their guideline range to any inmate sentenced between October 12, 1984, and October 1987, and still in the Parole Board's jurisdiction the day before the expiration of five years. Petitioner is in that category.

Petitioner's guideline range (Salient Factor 9, Severity 8 - see Exhibit 14) called for a "shall release date of within a maximum of 148 months."

As of Petitioner's initial hearing date August 28, 2003, Petitioner had already served 240 months. The U.S. Parole Commission's "Notice of Action" ordered that Petitioner continue to expiration of Petitioner's sentence of 319 months, a departure from petitioner's guideline range of <u>within</u> 148 months, by 171 months.

The Parole Commission used a pre-existing parole law, 18 U.S.C. §4206, which permitted departures from the mandatory parole guidelines range for "good cause," to deny petitioner parole and continue

- 5 B -

to expiration of 319 months.

On September 17, 2003, 18 U.S.C. §4206 did not exist as the S.R.A. of October 12, 1984, had abolished the Parole Board and Parole statutes as of October 31, 1992, and the terms for establishing petitioner's mandatory release date were set forth by §235(b)(3) of the S.R.A.

Therefore Petitioner should have been granted, under existing law, immediate release on August 28, 2003, after having served 240 months; 92 months over his mandatory release date of <u>within</u> petitioner's guideline maximum range of 148 months under §235(b)(3).

Second, the parole commission violated petitioner's "Due Process Rights" by violating its own rule of 28 C.F.R. §2.53 by failing to provide petitioner a hearing complying with 28 C.F.R. §219(c). After the Rule 28 C.F.R. §219(c) hearing, the Commission may deny parole

> "but it must explain with particularity the reason for the denial and include a summary of the information relied on in making this determination."

Petitioner was denied proper notice of the factual allegations supporting the Parole Commission's determination that stated

> "you are a more serious risk than indicated by your Salient Factor Score in that you held a key managerial position in an organized crime family."

Petitioner was not given any notice before the hearing of the factual evidence to be used against him and he was also not given an opportunity to respond prior to the examiner's recommendation. The fact that the factual issues and consideration of the evidence must take place <u>before</u> the hearing examiner decides what the outcome of the hearing will be, and makes his parole recommendation according to parole rules (but did not comply) was a violation on the part of

- 5 C -

the hearing examiner and the parole commission which constituted a violation of their own rule of 28 C.F.R. §2.53, by failing to provide a hearing complying with rule 28 C.F.R. §219(c), therefore denying petitioner's "Due Process Rights."

The amending of the original version of §235(b)(3) of the S.R.A. Pub. L. 98-473, Ch. II, 98 Stat. (October 12, 1984) by Pub. L. 100-182 Sentencing act of 1987, 101 Stat. 1266 (December 7, 1987) and the use of it to deny petitioner's mandatory parole on August 28, 2003, violated petitioner's "Due Process Rights" regarding the Ex Post Facto laws.

16. **RELIEF:** state briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

> Petitioner respectfully requests that the Court order his immediate release from F.M.C. Devens due to the fact that he has already served 98 months more than his guideline release date of "within" 148 months according to current law.

Signed on this the 10th day of March, 2004.

*Gennaro Angiulo 03583-016*
Signature of petitioner
*Pro Se*

I DECLARE (OR CERTIFY, VERIFY OR STATE) THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE OR INFORMATION AND BELIEF AND THAT ANY FALSE STATEMENTS MADE THEREIN ARE MADE SUBJECT TO THE PENALTIES OF APPLICABLE LAWS RELATING TO UNSWORN FALSIFICATIONS TO AUTHORITIES.

Executed on: March 10, 2004.

*Gennaro Angiulo - Pro Se*
Signature of petitioner
03583-016

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

04-40041

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
GENNARO ANGIULO, 03583-016
Federal Medical Center Devens
Post Office Box 879
Ayer, MA 01432-0879

**DEFENDANTS**
UNITED STATES OF AMERICA
U.S. Attorney's Office
One Courthouse Way, Boston, MA 02210
Warden DAVID L. WINN

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Pro Se Plaintiff/Petitioner

**ATTORNEYS (IF KNOWN)**
U.S. Attorney's Office, Boston, MA

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth In Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☒ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. §2241 - Denial of Due Process. Petitioner should have been released after serving a maximum of 148 months under the S.R.A. ad of Oct. 12, 1984 under §235(b)(3), after having already served 240 months.

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD
*Gennaro Angiulo*
Gennaro Angiulo, 03583-016, Pro Se Plaintiff

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) <u>GENNARO ANGIULO v. UNITED STATES OF AMERICA and Warden DAVID L. WINN</u>

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   XX   II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
        *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___  V.   150, 152, 153.

   04-40041

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   N/A?

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ___    XX NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   XX YES    NO ___
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   XX YES    NO ___

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES ___    XX NO

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   XX YES    NO ___

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      <u>EASTERN DIVISION</u>    CENTRAL DIVISION    WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION    CENTRAL DIVISION    WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME <u>GENNARO ANGIULO, Petitioner/Plaintiff In Pro Se</u>
ADDRESS <u>F.M.C. Devens, Post Office Box 879. Ayer, MA 01432-0879</u>
TELEPHONE NO. <u>978-796-1000</u>

(Cover sheet local.wpd - 11/27/00)