UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

GENNARO ANGIULO,

Petitioner,

v.

Warden DAVID L. WINN and UNITED STATES OF AMERICA,

Respondents.
____________________________/

CIVIL ACTION

No ________________________

**PETITIONER's MOTION PURSUANT TO 28 U.S.C. § 2241**

**MEMORANDUM IN SUPPORT**

**OF PETITION FOR WRIT OF HABEAS CORPUS**

**PURSUANT TO 28 U.S.C. § 2241**

## TABLE OF CONTENTS

Exhibit........................................ iii

Table of Authorities............................ iv

Statement of Issues............................. viii

Memorandum of Law and Statement of the Case....... 1

Statement of the Facts.......................... 3

Summary of the Argument......................... 7

Argument;

I. The Amendment to §235(b)(3) of the S.R.A. of 1984 violate the Ex Post Facto Clause in Petitioner's particular case, as §235(b)(3) was in effect at the time of Petitioner's 1986 sentencing, requiring Petitioner's release on parole after serving the 148 months of his 100-148 months parole guideline range, and the amendments, made after the 1986 sentencing, are being used to extend the parole release to at least 2010 or 2013......... 9

A. On the date of Petitioner's sentencing in 1986, 18 U.S.C. §4206 was not the parole standard applicable to Petitioner's parole release date. At the time, §4206 was abolished with the Parole Commission on October 31, 1992, and Petitioner was not eligible for parole until after October 31, 1992. Congress clearly expressed its intent that §235(b)(3) was the sole parole release law applicable to Petitioner............. 9

B. The legislative History firmly establishes that the subsection of §235(b) went into effect on the date of the enactment on October 12, 1984. These subsections had to be in effect upon enactment, as the parole term of imprisonment at issue for Petitioner's 1986 sentencing came directly from :235(b)(1)............. 11

1. The intent of the "period described in subsection (a)(1)(B)" of §235(b)(1) is key to obtaining the October 12, 1984, effective date of §235(b)......... 13

C. The application of the version of §235(b)(3) in effect on the date of petitioner's sentencing on April 3, 1986, required petitioner's immediate release from federal prison as the amendments to §235(b)(3) on December 7, 1987, are Ex Post Facto laws in petitioner's case. . . . . . . . . . . . . . . 21

II. A. The amendments to the original version of §235(b)(3) of the S.R.A. Pub. L. 98-473, Ch. II, 98 Stat. October 7, 1987, violated petitioner's due process rights. . . . . . . . . . . . . . . 23

B. By not apprising petitioner before and at the initial hearing, on August 28, 2003, of any of the evidence or facts to be used in reference to the parole hearing for parole and then using the said evidence and facts to deny petitioner's parole, constituted a direct, deliberate violation of Parole Board Rule 28 C.F.R. §2.53 by failing to provide a hearing complying with Parole Board Rule 28 C.F.R. §219(c), thereby denying petitioner's due process rights. . . . . . . . . . . . . . . 24-27

Conclusion . . . . . . . . . . . . . . . . 29

# TABLE OF AUTHORITIES

American Tobacco Co. v. Patterson, 456 U.S. 63 (1982) . . 16

Campbell v. United States Parole Commission, 704 F.2d 106, 109 (3rd Cir. 1983) . . . . . . . . . . 25

Colautti v. Franklin, 439 U.S. 379 (1979) . . . . . . . 11

Commonwealth v. Angiulo, Massachusetts Supreme Court . . 26

Dallis v. Martin, 929 F.2d 585 (10th Cir. 1991) . . . . 2,12

Evans v. Dillahunty, 662 F.2d 522, 526 (8th Cir. 1981) . . 26

Gambino v. Morris, 134 F.3d 156 (3rd Cir. 1998) . . . . 28

Govt of Virgin Islands v. D.W., 3 F.3d 697 (3rd Cir. 1993) vi

Kindred v. Spears, 894 F.2d 1474-1484 (5th Cir. 1990) . . 26

Landgraf v. USI Film Products, 511 U.S. 244 (1994) . . . 23

Lyons v. Mendez, 303 F.3d 285 (3rd Cir. 2002) . . . . . passim

Matthews v. Kidder Peabody & Co., Inc., 161 F.3d 156 (3rd Cir. 1998) . . . . . . . . . . . 23

McBoyle v. United States, 283 U.S. 25 (1932) . . . . . 19

Morton v. Mancari, 417 U.S. 535 (1974) . . . . . . . . 19,22

Myer v. Reno, 911 F.Supp. 11, 17 (D.D.C. 1996) . . . . 25

Norwood v. Brennan, 891 F.2d 179 (7th Cir. 1989) . . . . 1,12,16,17

Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed. 2d 813 (1983) . . . . . . . . 25

Patterson v. Gunnell, 753 F.2d 253-255 (2nd Cir. 1985) . . 27,28

Public Citizen v. Dept of Justice, 491 U.S. 440 (1989) . . 12

Romano v. Luther, 816 F.2d 832 (2nd Cir. 1987) . . . . passim

Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed. 2d 418 (1995) . . . . . . . . 24,26

Simpson v. United States, 435 U.S. 6 (1978) . . . . . . 22

Stogner v. California, N° 01-1757 (S.Ct. 6/26/03) . . . 11,21

Solomon v. Elsea, 676 F.2d 282, 285 (7th Cir. 1982) . . . 26

Texaco v. Hasbrouck, 496 U.S. 543 (1990) . . . . . . . 14

U.S. ex rel D'Agostino v. Keohane, 877 F.2d 1167, 1171 (3rd Cir. 1989) . . . . . . . . . . 8,9,10

United States v. Angiulo, Federal 1st Circuit Ct of Appeals 26

United States v. Connolly, Cr N° 99-10428 (1st Cir. 5/28/02) 26

United States v. Monsanto, 491 U.S. 600 (1989) . . . . . 21

Weaver v. Graham, 450 U.S. 24 (1981) . . . . . . . . . . 11, 19, 21

Wolff v. McDonnell, 418 U.S. 539 (1974) . . . . . . . . . 23

## UNITED STATES CODE

18 U.S.C. §§4201-4218 . . . . . . . . . . . . . . passim

18 U.S.C. §§5017-5020 . . . . . . . . . . . . . . 17

28 U.S.C. §2241 . . . . . . . . . . . . . . . . 1

## STATUTES

Pub. L. 94-233 Parole Commission and Reorganization Act of 1976, 90 Stat. 219 . . . . . . . 18

Pub. L. 98-473 Comprehensive Crime Control Act of 1984, Ch. II, 98 Stat. 1837 . . . . . . passim

Pub. L. 99-217 Sentencing Amendments Reform Act of 1985, 99 Stat. 1728. . . . . . . . . . 4

Pub. L.100-182 Sentencing Act of 1987, 101 Stat. 1266 (Dec. 7, 1987) . . . . . . 6,17,22

Pub. L.101-650 Judicial Improvements Act of 1990, 104 Stat. 5115 (Dec. 1, 1990) . . . . . . 6,22

Pub. L.104-232 Parole Commission Phaseout Act of 1996, 110 Stat. 3055 (Oct. 2, 1996) . . . . . . 6,22

## MISCELLANEOUS

Senate Report 98-225 on §235 . . . . . . . . . . . passim

1984 U.S. Code Cong & Admin. News 3172, 3372 . . . . . . 5,7,10,20

28 C.F.R. §2.43 (1986) . . . . . . . . . . . . . . 5,23

2A Norman J. Singer, Sutherland, Statutes and Statutory Construction (5th Ed. 1992) . . . . . . . . . . . . 16

GROUNDS AND STATEMENT OF THE ISSUES

Ground One: (A) The amendment, on December 7, 1987, to the original version of §235(b)(3) of the S.R.A. of October 12, 1984, (Pub. Law 100-182, S.A. of 1987, 101 Stat. 1266) which was used to deny petitioner parole on September 17, 2003, violated the "Ex Post Facto" Laws regarding petitioner.

(B) The pre-existing parole statute 18 U.S.C. §4206 applied regarding petitioner on September 17, 2003, to deny parole, had been repealed as of October 31, 1992 (CCCA Pub. Law 98-473, Ch. II, §218(a)(5), §235(b)(1), 98 Stat. 2027-2032, October 12, 1984) and the Sentencing Reform Act of 1985 (Pub. Law 99-217, §4, 99 Stat. 1728, December 26, 1985) and the use of §4206 to deny petitioner parole violated petitioner's "substantial liberty interest" which was created by §224(c) and §235(b)(1)(3) of Pub. Law. 98-473, CCCA of 1984, Ch. II, 98 Stat. 1837.

Ground Two: (A) The use of the amendments of December 7, 1987, used to amend the original version of §235(b)(3) of the S.R.A. of October 12, 1984 (Pub. Law 100-182, S.A. of 1987 101 Stat. 1266), which were a violation of the "Ex Post Facto" Laws re. petitioner's parole violated petitioner's Constitutional Due Process Rights.

(B) The violation by the examiner and the Parole Board in not adhering to the "Provisions of Parole Board

Rule 28 C.F.R. §219(c), which states

> "The opportunity to respond to the evidence in the documents used to deny parole must take place before the examiner and parole commission proffer their recommendation."

violated Petitioner's "Constitutional Due Process Rights" at the initial hearing and the commission's Notice of Action Review, as petitioner was not advised, shown, or informed as to what evidence and statements of facts were taken into consideration prior to or after they were considered to deny parole. This action on the part of the examiner and parole commission constituted a violation of 28 C.F.R. §2.53 by failing to provide a hearing complying with 28 C.F.R. §219(c), thereby violating petitioner's Due Process Rights.

## STATEMENT OF THE ISSUES

1. Whether the use of the amendments to §235(b) of the original version of §235(b)(3) of the S.R.A. (Pub. L. 98-473, Ch. II, 98 Stat., October 12, 1984) by (Pub. L. 100-182, S.A. of December 7, 1987) which amendments reinstated the Parole statute §4206, which has been repealed and abolished by (Pub. L. 98-473, Ch. II, 98 Stat., October 12, 1984) as of October 31, 1992, and was used on August 28, 2003, to deny petitioner's parole and liberty interest, due petitioner under the original version of §235(b)(3), is a violation of the Ex Post Facto clause in petitioner's particular case?

2. Whether the use of the amendments of §235(b)(3) of the S.R.A. (Pub. L. 98-473, Ch. II, 98 Stat., October 12, 1984) amended by (Pub. L. 100-182, S.A. of December 7, 1987) and the examiner's and parole commission's violations of Parole Board Rule 28 C.F.R. §2.53 by failing to provide a hearing complying with Parole Board Rule 28 C.F.R. §219(c) were a violation of petitioner's "Due Process Rights?"

### Standard or Scope of Review

These questions of law are subject to plenary review. Government of Virgin Islands v. D.W., 3 F.3d 697-698 n. 2 (3rd Cir. 1993)

**MEMORANDUM OF LAW AND STATEMENT OF THE CASE**

Petitioner is filing this petition for writ of Habeas Corpus pursuant to 28 U.S.C. §2241 in the United States District Court for the District of Massachusetts, claiming that the amendments to the original version of §235(b)(3) of the Sentencing Reform Act of 1984 ("S.R.A. of 1984") violate the Ex Post Facto and Due Process Clauses, in his particular case.

The Ex Post Facto claim is based on the fact that §235(b)(3) went into effect upon enactment of the SRA on October 12,1984, and was in effect on the date of Petitioner's federal sentence in 1986. Petitioner's parole guideline range(Salient Factor 9 - Serverity 8) is 100-148 months (see Exhibit 14). Section 235(b)(3) of Pub.L. 98-473 imposed a mandatory obligation on the Parole Commission to release Petitioner within his parole guideline range. See Exhibit 5. Petitioner served his 148 months, but was not released, as amendments were made to §235(b)(3) on December 7, 1987, after Petitioner's sentencing, which permitted the Parole Commission to depart above the Parole guideline range.

Appeals Courts' decision have acknowledged that §235(b)(3) was in effect October 12, 1984, and therefore Petitioner having served his 148 months guideline range, was entitled to immediate release from federal prison at his initial parole hearing on August 28, 2003, after serving 240 months.

Four Appellate COurts have held that 235(b)(3) went into effect upon enactment on October 12, 1984.[1.]

---

1. Romano v. Luther, 816 F.2d 832, 839 (2nd Cir. 1987); Lyons v. Mendez, 303 F.3d 285 (3rd Cir. 2002); Norwood v. Brennan, 891-

F.2d 179, 181 (7th Cir. 1989); Dallis v. Martin, 929 F.2d 587, 589 (10th Cir. 1991); Senate Report 98-225, pp. 189 ("Subsection [235](b)... keeps the provisions as to a [parolable] term of imprisonment in current law [1983] in effect during the period described in subsection (a)(1)(B) which was October 12, 1984 to October 31, 1987, when Petitioner's sentence occurred]." In other words, Petitioner's parolable "term of imprisonment" from 1986 came directly from this passage from §235(b), so §235(b) had to be in effect on the date of his 1986 sentence. This is impossible to dispute.

## STATEMENT OF THE FACTS

Petitioner has been incarcerated in federal custody since his arrest, when a federal grand jury sitting in the District of Massachusetts indicted petitioner for violating federal Rico statutes, 18 U.S.C. §1962(d) and §1962(c).

On February 21, 1986, after a jury trial, Petitioner was found guilty and on April 3, 1986, Petitioner was sentenced to two concurrent twenty-year prison terms on Counts I and II, the Rico Counts, and lesser consecutive terms on the remaining counts, for a total of 45 years. The forty-five year parolable term of imprisonment rendered petitioner ineligible for any type of parole hearing until after serving ten years. 18 U.S.C. §4205(a)("eligible for release on parole after serving... ten years... of a sentence over thirty years..."); 28 C.F.R. §2.12(a)(same).

On August 28, 2003, after serving over twenty years, Petitioner had his initial Parole hearing. 18 U.S.C. §4208; 28 C.F.R. §2.13. The Parole Commission ultimately determined that Petitioner's parole guideline range is 100-148 months, but that a decision above the parole guideline range was warranted under 18 U.S.C. §4206 (see exhibit 14). The Commission determined that Petitioner should "be continued for a two year re-consideration hearing in August of 2005 or to the expiration of his period of confinement, May 15, 2010-2013, whichever comes first."

Petitioner is filing this §2241 Writ of Habeas Corpus as the original version of §235(b)(3) had to be in effect on the date of Petitioner's 1986 sentencing and it mandated Petitioner's release after serving the 148th month of his 100-148 months parole guideline range (see exhibit 5). Not only was §235(b) in effect on

the date of Petitioner's sentencing in 1986, but the "[parolable] term of imprisonment" Petitioner is serving, and at issue in this case, came directly from §235(b). See Argument I.B., infra; see Exhibit 2.

The parole release standard used to depart outside Petitioner 's parole guideline range is 18 U.S.C. §4206. However, on the date of Petitioner's 1986 sentencing, the laws were structured so that §4206 could never be the parole release standard applicable to Petitioner.

On October 12, 1984, the CCCA of 1984 was enacted, and had scheduled the abolishment of the Parole Commission and all pre-existing parole statutes, including §4206. On the date of Petitioner's sentencing in 1986, this was to occur on October 30, 1992. CCCA, Pub. L. 98-473, Ch. II, §218(a)(5), §235(b)(1), 98 Stat. 2027, 2032 October 12, 1984 (Exhibit 3, 5) Sentencing Reform Amendment's Acts of 1985, Pub. L. 99-217, §4, 99 Stat. 1728, December 26, 1985 (Exhibit 7).

Section 4206 could never apply to Petitioner, as the terms of 18 U.S.C. §4205(a) and 28 C.F.R. §2.12(a) rendered Petitioner ineligible for any type of parole hearing or consideration until after serving 10 years, and §4206 was abolished on October 31, 1992. Section 4206 was retained in use by §235 for making parole determinations from October 12, 1984, to October 31, 1992, but it only applied to prisoners "eligible" for parole under 18 U.S.C. §4205(a) and 28 C.F.R. §2.12(a) between these dates. This excluded Petitioner as the terms of these laws precluded any type of parole hearing until after serving ten years.

Congress recognized that federal prisoners in Petitioner's unique situation would "fall through the cracks" and never receive a parole hearing or release date. 1984 U.S. Code Cong. & Admin. News at 3372. On October 12, 1984, as part of §235(b), Congress enacted §235(b)(3), requiring the Parole Commission to set release dates for the limited group of prisoners in Petitioner's situation within their applicable parole guideline range (see Exhibit 2).[2/]

On the date of Petitioner's sentencing in 1986, §235(b)(3) was the only parole release law applicable to Petitioner. At the time, Petitioner had researched the legislative history, which made it clear that the subsections of §235(b) went into effect upon enactment in 1984. Based on this, Petitioner rejected a plea bargain offer, as §235(b)(3) provided an earlier release date than the plea bargain offered. Petitioner would be released after serving 148 months on any sentence over 148 months. Further, the parole discharge was the same. 28 C.F.R. §2.43(c)(1)(1986)(see Exhibit 8). Petitioner preserved his trial and appellate rights, without exposing himself to increased punishment -- a sound tactical decision at the time.

Petitioner should have been released from prison after serving his guideline 148th month in prison, but remains in prison after already having served 240 months on August 28, 2003, as a result of

---

2/ Chapter II of the CCCA, at issue, is the Sentencing Reform Act of 1984 ("SRA"). The SRA's intent was to modernize criminal sentencing and minimize reliance on the rehabilitative model of sentencing. S.Rep. 98-225, reprinted in 1984 U.S. Code Cong. & Admin. News 3182, 3221-22. The act intended to reduce sentencing and paroling disparity under old law and to provide greater certainty to prisoners calculating their release dates. Id. Section 235(b)(3) was based on this latter principle.

amendments made to §235(b)(3) after Petitioner's 1986 sentencing.

On December 7, 1987, Congress amended §235(b)(3) by removing the provision requiring the Commission to set Petitioner's parole release date within this applicable parole guideline range, and replacing it with 18 U.S.C. §4206, which allows the Commission to set a release date above the parole guideline range for "good cause." Sentencing Act of 1987, Pub. L. 100-182, Ch. II, 101 Stat. 1266 (1987).

On December 1, 1990, Congress amended §235(b)(1) of the SRA of 1984, extending tenure of the Parole Commission -- and the use of parole statutes retained until October 31, 1992 -- until October 31, 1997. Judicial Improvements Act of 1990, Pub. L. 101-650, Title III, §316, 104 Stat. 5115 (1990). This Act also extended the application of §235(b)(3), albeit the more onerous version, until sometime just prior to October 31, 1997. Id.

On October 2, 1996, the tenure of the Parole Commission and the use of pre-existing parole statutes were extended to October 31, 2002. Parole Commission Phaseout Act of 1996, Pub. L. 104-232, §§1-3, 110 Stat. 3055 (1996). This Act extended the application of §235(b)(3) to a date just prior to October 31, 2002-2005. Id.

Due to these amendments extending the Parole Commission's tenure and the use of pre-existing parole laws until 2002-2005, 18 U.S.C. §4206's parole release standard is being applied to Petitioner, which permits departure from the parole guideline range for "good cause."

**SUMMARY OF THE ARGUMENT**

The original version of §235(b)(3) of the SRA of 1984, which had to be in effect at the time of Petitioner's 1986 sentencing, provided that Petitioner had to be released within his 100-148 months parole guideline range. See exhibit 5. CCCA, Pub. L. 98-473, Ch. II, §235(b)(3), 98 Stat. 2032, enacted October 12, 1984.

Petitioner received a forty-five year federal prison term on April 3, 1986. This rendered petitioner ineligible for any type of parole consideration until after serving ten years. 18 U.S.C. §4205(a); 28 C.F.R. §2.12(a).

At the time of Petitioner's sentencing in 1986, however, the CCCA had been enacted on October 12, 1984, and had eliminated the Parole Commission and all parole statutes as of October 30, 1992. Because Petitioner was not eligible for parole until after serving ten years, long after the Commision's expiration in 1992, Petitioner is one of the individuals that Congress stated would "fall through the cracks" and never receive a parole hearing or parole release date. 1984 U.S. Code Cong. & Admin. News at 3372.

Section 235(b)(3) was placed in the "EFFECTIVE DATE" provision of the SRA to deal with this very specific problem -- the need to be sure a parole release date was set for those still in prison a day before the Parole Commission ceased to exist. Romano v. Luther, 816 F.2d at 841; Lyons v. Mendez, 303 F.3d 285 (3rd Cir. 2002).

At the time of Petitioner's sentencing in 1986, no other law governed his post-1992 parole release date. It has already been established that §235(b)(3) applied to Petitioner as he was within "the jurisdiction of the Parole Commission on October 30, 1992,

which [on the date of Petitioner's sentencing] was the day prior to the expiration of the Commission's term." D'Agostino v. Keohane, 877 F.2d 1167, 1171 (3rd Cir. 1989).

Congress clearly intended for the subsection of §235(b) to be in effect upon enactment on October 12, 1984. Petitioner received his parolable term of imprisonment for his 1986 sentence directly from §235(b), so §235(b) had to be in effect before November 1, 1987. The Senate Report makes this indisputable.

Petitioner should have been released after serving 148 months, the maximum end of his parole within the guideline range, but the commission applied a version of §235(b) made from amendments after Petitioner's sentencing and denied Petitioner any possibility of parole release until at least 2010 or 2013. The amendments are Ex Post Facto laws. The application of the amendments violate Petitioner's liberty interest created by §235(b)(3), of a parole release date after serving 148 months. The failure of the Commission to adhere to the final decisions of Lyons v. Mendez, 303 F.3d 285 (3rd Cir. 2002) and Romano v. Luther, 816 F.2d 832, 842 (2nd Cir. 1897) violates Petitioner's 5th Amendment rights.

At the U.S. Parole Commission Quarterly meeting on 9/14/02, the Parole Commission was made fully aware, by its general counsel Mr. Rockne Chickinell, that the application of the 12/7/87 amended version of §235(b)(3), in order to set a parole release date for Petitioner, beyond rather than within Petitioner's guideline rang of 148 months, would violate ex-post facto laws.

If it relied on the amended version in order to use the reinstated §4206(c) to go beyond Petitioner's 148 months guideline

range it would clearly result;

1) Disadvantageous to Petitioner

2) Consist of imposing additional retrospective punishment on Petitioner and there by if applied re: Petitioner's parole release date,(he having been sentenced on April 3, 1986, between 10/12/84 and 10/30/87 and still in the jurisdiction of the Parole Board of its demise on 10/30/92) §4206(c) would operate as an "ex-post facto law" which is unconstitutional in Petitioner's case.

See: Lyons v. Mendez, 303 F.3d 285 (3rd Cir. 9/9/02). also see Exhibit 14E.

Webster's New Word Dictionary 4th Edition, has the precise meaning of the word within as used in §235(b)(3);

1)In the inner part of: inside

2) Not beyond in distance, time degree, range scope etc.

3) Inside the limits of the law]-n the inside or interior.

The Parole Commission on 9/17/03 by ordering Petitioner to continue his term of imprisonment to his expiration date, of May 15, 2010-2013, 26 years and 7 months, did not adhere to §235(b)(3) the law in effect at Petitioner's 1986 sentencing. According to §235(b)(3) Petitioner was entitled to a parole release date within his 1986 guideline range which is 100 months minimum and 148 months maximum amounting to a release date of January 1999 maximum. The Commission illegally misinterpreted the meaning of the word within, by going beyond Petitioner's guideline range of 148 months, which in turn is a violation of the ex-post facto laws in this case.