UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GENNARO ANGIULO,                    §

     Petitioner,               § Civil Action No.: 04-40041-NMG

   vs.                            § REPLY TO RESPONDENT'S MOTION
                                  § FOR EXTENSION OF TIME TO FILE
DAVID L. WINN, WARDEN,              § RESPONSE TO PETITION FOR WRIT
                                    OF HABEAS CORPUS
     Respondent.               §

Now comes the petitioner, Gennaro Angiulo, appearing pro se, and files this reply to the respondent's motion for an extension of time in which to file it's response to the petition for a writ of habeas corpus, brought under 28 U.S.C.§2241(c)(3), and would show this Court as follows:

1. By order dated April 1, 2004, pursuant to Rule 4(b) of the Rules Governing Section 2241 proceedings, the Court, inter alia, directed that respondent file an answer to the petition within 20 days of the receipt of the Court's order.

2. On April 9, 2004, the respondent, through the Office of the U.S. Attorney, moved for an extension of time in which to file its response, citing the alleged "complex [and] lengthy" nature of the writ, and asserting that a response thereto "will require extensive review." Government's Motion of April 9, 2004. The government therefore request an extension until August 17, 2004. Id.

3. Petitioner opposes the government's motion for such an extensive delay, in part, on the ground that such a delay would frustrate his unconstitutional confinement. And, unless the Court deemed release on bail appropriate, that no such extension should be granted. Moreover, there is nothing complex about the issue presented to warrant such an extension.

Reply to Motion for Extension of
Time in which to file a response
April 14, 2004, Page Two.

4. Furthermore, Ernest S. DiNisco, Esq., (AUSA) has been assigned to this matter. Mr. DiNisco is very much acquainted with the facts and procedural history underlying the criminal judgment in petitioner's case. Additionally, Mr. DiNisco is quite familiar with the nature and magnitude of the issues presented in the petition. Thus, the respondent is at a considerable advantage having Mr. DiNisco to represent his interest. An extension of time in which to file a response is simply unnecessary given Mr. DiNisco's familiarity with both the claim presented and this case as a whole. Consequently, the government's application for an extension of time should be denied, in the interest of justice.

5. Petitioner would also respectfully submit, that a decision to grant the government an extension, as requested, would render the writ of habeas corpus purposeless, in this case. Clearly, as established by the petition, the Parole Commission's decision was contrary to well established law. Under no circumstances could even the U.S. Attorney's Office defend the actions of the U.S. Parole Commission, in this case. The request for an extension of time is nothing more than an attempt to frustrate petitioner's liberty interests, which have already been greatly infringed upon by the U.S. Parole Commission's erroneous findings and conclusions.

6. Lastly, should the Court elect to grant the government's application, petitioner would move for release on bond pending the outcome of these proceedings, with a condition that he be placed on (24 hour) strict-home confinement, in the interest of justice.

Reply to Motion for Extension of
Time in which to file a response
April 14, 2004, Page Three.

## CONCLUSION

For all of the reasons stated above, the Government's application for an extension of time in which to file a response to the petition for a writ of habeas corpus should be, and is hereby due to be, denied. However, should the Court grant the Government's application for an extension of time in which to file it's response, the Court should also admit petition to bail, with a condition of strict-home confinement, until the disposition of his petition for a writ of habeas corpus.

WHEREFORE, PREMISES CONSIDERED, petitioner prays that this Court will grant this application, in the interest of justice.

Dated: Ayer, Massachusetts
       April 14, 2004

                                        Respectfully submitted,

                                        Gennaro Angiulo Pro Se

                                        Gennaro Angiulo
                                        Register No. 03583-016
                                        Federal Medical Center
                                        P.O. Box 879
                                        Ayer, Massachusetts 01432

### CERTIFICATE OF SERVICE

This shall certify that a true and correct copy of this pleading has been furnished upon the Office of the U.S. Attorney for the District of Massachusetts (Ernest S. DiNisco, Esq., AUSA), at One Courthouse Way, Boston, Massachusetts 02210, on this 14th day of April, 2004, by my having placed same in the United States Mail, postage prepaid.

                                        Gennaro Angiulo Pro Se

                                        Gennaro Angiulo