**U.S. Department of Justice**
United States Parole Commission

Notice of Hearing-Parole Application
Representative and Disclosure Request

Name: _Gennaro Angiulo_                                                    Date _6/3/03_

Register No: _03553-016_                    Institution _FMC, Devens_

INSTRUCTIONS: This form is to be furnished to and completed by every inmate prior to every scheduled hearing before the Parole Commission. It must be furnished at least 60 days in advance of the scheduled hearings unless such 60 day notice is waived by the inmate (see "1" below).

1. NOTICE OF HEARING: Provided you have applied for parole in the space below, you will be given a hearing by officials of the U.S. Parole Commission on the docket of parole hearings scheduled for _August 25, 2003_ to _____, 19____.

IF THERE ARE LESS THAN 60 DAYS BETWEEN THE DATE OF THIS NOTICE AND YOUR HEARING, YOUR HEARING WILL BE POSTPONED UNTIL THE NEXT DOCKET OF PAROLE HEARINGS AT YOUR INSTITUTION *UNLESS* YOU INITIAL THE FOLLOWING WAIVER:

_____          I received this form less than 60 days from the date of my hearing. However, I hereby waive my right to 60 days
(Initials)          advance notice of the hearing time and notice of my disclosure rights, and I request to be heard as scheduled.

2. APPLICATION: I hereby apply for parole, or have previously applied and still wish to be paroled:

_Gennaro Angiulo_                                        _June 3 2003_
(Signature)                                                    (Date)

3. WAIVER OF PAROLE/PAROLE HEARING:

_____ A. I wish to waive parole consideration at this time.
(Initials)

_____ B. I wish to waive my scheduled Statutory Interim Hearing and have not incurred any Institutional Disciplinary
(Initials)          Committee infractions since my last hearing.

_____ C. I wish to waive the parole effective date or presumptive parole date previously determined by the Commission. (NOTE:
(Initials)          *A previously waived parole date will be reinstated upon reapplication, provided no new adverse information exists
          in your case.*)

_____ D. I wish to waive mandatory parole.
(Initials)

NOTE:    1) If you waive parole or a parole hearing, any subsequent application or reapplication must be submitted at least 60 days prior to the first day of the month in which hearings are conducted at the institution where you are then confined.

    2) Revocation hearings cannot be waived. Hearings under 28 CFR 2.28 (b-f) and rescission hearings can only be waived by waiver of the parole effective date or presumptive parole date previously determined by the Commission.

4. REPRESENTATIVE: At your hearing you may have a representative of your choice (*e.g. family member, friend, staff member, or attorney*), who will be permitted to make a statement on your behalf at the close of the hearing. The name of any representative willing and able to appear should be written in below. Arrangements for the appearance of a representative must be made through your case manager.
Name of Representative: _____

IF YOU DO NOT WISH A REPRESENTATIVE, INITIAL THE FOLLOWING WAIVER:
_____ I do not wish a representative at my hearing.
(Initials)

③

PAROLE FORM I-24
OCT. 85

5. DISCLOSURE OF FILE INFORMATION: You may review the reports and documents in your file which will be considered by the Commission, if you submit a request for disclosure on this form at least 30 days in advance of your hearing. [NOTE: Certain material which the Commission will consider may be exempt by law from disclosure. In such event, a summary of the material withheld from you will be furnished if you request to review your file.]

_____ I wish to inspect the disclosable material in my institutional file.
(Initials)

_____ I wish to inspect any documents concerning me which the Parole Commission may have in its Regional Office. I
(Initials)     understand that in most cases, the Commission will have no material, until after an initial hearing has been held. [If you request disclosure of Regional Office documents you must do so on this form at least 30 days in advance of the hearing.]

NOTE:     At review hearings, the Commission will consider only information about factors which have changed, or which may have changed, since your last parole hearing.

IF YOU DO NOT WISH TO REQUEST ANY DISCLOSURE, INITIAL THE FOLLOWING WAIVER:

_____ I do not wish to inspect my files before the hearing scheduled on this form.
(Initials)

IF YOU HAVE INSPECTED FILE MATERIAL, INITIAL BELOW.

_____ I have reviewed the materials in my institutional file on _____ , 19_____ .
(Initials)

_____ I have reviewed the Parole Commission file material on _____ , 19_____ .
(Initials)

IF YOU HAVE NOT YET RECEIVED DISCLOSURE OF THE FILE MATERIALS YOU REQUESTED OR IF THERE ARE LESS THAN 30 DAYS BETWEEN EITHER OF THE ABOVE DATES AND YOUR HEARING, YOUR HEARING WILL BE POSTPONED UNTIL THE NEXT DOCKET OF PAROLE HEARINGS AT YOUR INSTITUTION UNLESS YOU INITIAL THE FOLLOWING WAIVER:

_____ I did not receive 30 days prehearing disclosure of the material I requested from my files. However, I hereby waive my
(Initials)     right to disclosure 30 days in advance of the hearing, and I request to be heard as scheduled.

Exhibit 4



# HEARING SUMMARY

**Name:  Angiulo, Gennaro**                                    **Reg No:  03583-016**

## Hearing Parameters

    Hearing Type ............................. : **Initial**
    Hearing Date .............................. : 8/28/03
    Examiner..................................... : Joseph M. Pacholski
    Institution ................................... : Devens FMC

## Sentence Parameters

    Sentence Type............................ : **Federal**
    MR/Statutory Release ................ : 9/18/2013
    Full Term Date........................... : 9/17/2028
    Months in Custody ..................... : 240 as of 9/19/03
    Fines/Restitution/Assessment ..... : $120,000
    Detainer...................................... : None noted.

**Additional text regarding the above parameters:**

---

## Prior Action & Institutional Factors

**Prior Action:**  See Pre-review completed by Sam Shoquist dated 8/8/03.

**Codefendants:**  See Pre-review dated 8/8/03.

**Representative & Representative's Statement:  None.**

**Prisoner's Statement:**  The subject presented testimony regarding the instant offense. The subject stated that he was not involved in any of the murders that were cited in the case against him. The subject indicated that he was not a member of La Costa Nostra and that he did in fact know Raymond L. Patriarca who allegedly was a member of La Costa Nostra. The subject admitted to being involved in gambling for him and his brothers. The subject stated that when he was in the navy in fact he ran gambling back then. The subject indicated that he filed his tax forms and paid the profits that he received on his gambling. The subject explained that the violent threats made against the Grand Jury witness were false in that he knew the father-in-law of the Grand Jury witness Walter Lafreniere but he never threatened any individual. The subject stated that he knew the father-in-law but that was it.  The subject admitted to running a gambling business and that he was friends with Mr. Patriarca but at no time did work for or with Mr. Patriarca.  The subject stated that it was assumed by others that he was involved however, it was not a fact. The subject further stated that he was involved with a Mr. Palzisa who is named in the extortion but this was fabricated. The subject stated that he loaned Mr. Palzias's wife money in 1976 and that he loaned her money again for their business and used a parking lot as collateral.  The subject stated further on that if Mr. Palzisa's wife could not pay the loan that he would not just let the loan go. It should be noted that according to the subject at this hearing, he meant just because he was friends with the husband of Palzisa that he would foreclose if he found it necessary.  This examiner would point out that the subject stated

**Angiulo, Gennaro, Reg. No. 03583-016**                    **Page 1 of 3**

that he's had business dealings with the wife of Palzisa and that no extortion took place. The subject during the entire hearing indicated that his only crime was actually running a gambling business.

## Disciplinary Infractions

**No. 1 - BOP Incident Report No.** 1037410

  **Description of Behavior:** Attempt to Give anything of Value to Another Inmate without Permission (Code 328). The subject allegedly gave $200 to another inmate via his brother.

  **Prisoner's Response:** The subject admitted to the offense in that his brother gave another inmate $200 for his commissary. The subject stated that during a visit he told his brother that the inmate Tokars Reg. No. 40099-004 was a good individual helping others with legal work. The subject stated that he never instructed his brother to give any tokens towards this individual.

  **Findings of Fact:** This examiner finds that the subject violated the rules of the institution as indicated in the above violation.

  **Basis:** DHO Report dated 10/23/02.

  **Rescission Guideline: 0-2 months.**

**No. 2 - BOP Incident Report No.** 995935

  **Description of Behavior:** Use of Telephone for Abuse other than Criminal Activity (Code 397). The subject was accused of making a three-way telephone call.

  **Prisoner's Response:** The subject admitted that he made a phone call however denied that it was a three way call in that he was put on hold while the individual on the other line found out the brother was around.

  **Findings of Fact:** This examiner finds that the subject violated the rules of the institution as indicated in the above violation.

  **Basis:** DHO report dated 6/10/02.

  **Rescission Guideline: 0-2 months.**

**No. 3 - BOP Incident Report No.** 884392

  **Description of Behavior:** Being in Unauthorized Area and Use of a Telephone for Abuse other than Criminal Activity (Code 316 and 497). The subject was using a phone in an office that he was not allowed to use.

  **Prisoner's Response:** He admitted to using the phone. The subject stated that he was using the phone and did not realize that he wasn't able to use it.

  **Findings of Fact:** This examiner finds that the subject violated the rules of the institution as indicated in the above violation.

  **Basis:** DHO report dated 6/8/01.

  **Rescission Guideline: 0-2 months.**

**Program Achievement:** The subject has been medically unassigned for the entire period since 1994. The subject prior to this unassignment was working as a barber in Leavenworth and receiving satisfactory work ~~Da Vinci~~ performance appraisals. The subject has completed various courses which included Life of Leonardo ~~Divenchy~~, World War I and Indian History, 500 Nation History, Art & Literature, and Adult Basic Education.

**Release Plans:** The subject plans to release to his wife in Rivera, MA. Upon release the subject plans to work for his son at the towing company.

Exhibit 5

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

| | | |
|---|---|---|
| Name:  ANGIULO, Gennaro | Institution:  Devens FMC | |
| Register Number:  03583-016 | Date: | September 17, 2003 |

In the case of the above-named, the following parole action was ordered:

Continue to expiration.

**REASONS:**

Your offense behavior has been rated as Category Eight severity because it involved murder. Your salient factor score is 9. See the attached sheet for an explanation of your individual Salient Factor Score items. The table at the bottom presents the points for Salient Factor Score Item C. You have been in federal confinement as a result of your behavior for a total of 240 months as of 08-28-2003. Guidelines established by the Commission for the above offense behavior indicate a range of 100+ months to be served before release for cases with good institutional adjustment and program achievement. You have committed 3 non-drug related infraction(s). Guidelines established by the Commission indicate a range of up to 2 months be added to your guideline range for each non-drug related infraction. Your aggregate guideline range is 100+ months to be served. After review of all relevant factors and information presented, a decision exceeding the lower limit of the applicable guideline category by more than 48 months is warranted based on the following pertinent aggravating case factors: You are a more serious risk than indicated by your Salient Factor Score in that you held a key managerial position in an organized crime family. You were involved in conspiracies that resulted in four murders that were carried out in furtherance of an organized criminal enterprise between April of 1967 and March of 1981. In addition, you were convicted of obstruction of justice that involved a Grand Jury witness being threatened.

In addition, you have also been scheduled for a statutory interim hearing during August 2005.

THE ABOVE DECISION IS APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    U.S. Probation Office
        District of Massachusetts
        408 Atlantic Avenue
        Suite 434
        Boston, MA  02110-3334

---

Angiulo 03583-016                              -1-                                    Clerk:    ADC
Queued: 09-17-2003 09:53:45 BOP-Devens FMC | USPO-District of Massachusetts, 1 - Main (Boston) |



## SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 1 | **A** - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 2 | **B** - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 3 | **C** - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 1 | **D** - Recent commitment free period (three years) No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 1 | **E** - Probation/parole/confinement/escape status violator this time Neither on probation, parole, confinement, or escape status at the time of the current offense, nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 1 | **F** - Older offenders If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 9 | **Salient Factor Score (SFS-98)** (sum of points for A-F above) |

| Points For SFS Item C | | |
|---|---|---|
| Age | Prior Commitments | | |
| | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

Exhibit 6




U.S. Department of Justice                                    **Notice of Action on Appeal**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: Angiulo, Gennaro                              Institution: Devens FMC

Register Number: 03583-016                          Date:    February 27, 2004

---

The National Appeals Board examined the appeal of the above named and ordered the following:

Affirmation of the previous decision.

**REASONS**:

The Board has considered your appeal and agrees with the Regional Commissioner's decision continuing you to the expiration of your sentence. The Board finds no merit to your arguments that the Commission unlawfully failed to grant you a decision within your guideline range and that the Commission's decision was unjustified on the basis of the facts of your case.

In your appeal, you argue that you are constitutionally entitled to a release date within your parole guideline range. The Board finds that this argument has no merit. The Sentencing Reform Act of 1984, as currently amended, permits the Commission to depart from a prisoner's parole guideline range. However, in your case, the decision continuing you to the expiration or your sentence is a decision within your guideline range. As a Category Eight offender, your guidelines have no upper limit, and any decision above the minimum guideline is a decision within your guideline range. Because the Commission's decision continuing you to the expiration of your sentence is a decision within your parole guideline range, you have already received the relief you seek, and there is no relief the Commission can afford you.

The Board finds no merit to your claim that the Commission is unlawfully holding you accountable for the actions of your co-conspirators. The Board finds that there is sufficient evidence in the record to hold you accountable for the murders that were part of your conspiracy.

The Board has examined your entire record and has determined that your offense warrants an offense severity rated Category Eight. The facts of your case illustrate your racketeering activity involved multiple acts of murder. Accordingly, a Category Eight offense severity rating is warranted.

The Board has considered your claim that the Commission did not provide you with adequate notice of the reasons for the Commission's decision. The Board finds no merit to this claim. The record shows that the Commission's decision was based upon the Commission's finding that your offense was Category Eight and upon the factors specific to your case. The Commission's notice of action sufficiently advised you of these reasons, and the Board hereby affirms those reasons.

The Board also finds no merit to your contention that you were not granted notice of the fact that the Commission would consider your participation in organized crime. You were convicted of RICO and conspiracy to extort, and your presentence report, a document you have had a full and fair opportunity to inspect, illustrates your participation in a criminal organization. Furthermore, when the Commission discussed these facts at your initial hearing, you failed to object when given the opportunity to do so.

---



Exhibit 7

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

NELSON, D. J.

UNITED STATES OF AMERICA

vs.

GENNARO ANGIULO, et alii

33RD DAY

APPEARANCES:

(As previously noted.)

Post Office & Courthouse
Boston, Massachusetts
September 3, 1985

1    THE COURT:  Overruled.

2    A    He was the underboss, second in command, of the La

3    Cosa Nostra Family here in Boston.

4    Q    What is the basis of your opinion concerning the role

5    of the Defendant Gennaro J. Angiulo in the organization?

6    MR. CARDINALE:  Objection.

7    THE COURT:  Overruled.

8    A    The   tapes.

9    Q    Can you describe for the jury some of the conversations

10   or facts which you rely upon from the tape recorded

11   conversations in rendering the opinion that Gennaro J. Angiulo

12   was the underboss?

13   MR. CARDINALE:  Objection.  Misleading, your

14   Honor.

15   MR. WEINSTEIN:  Objection.

16   THE COURT:  I don't understand the

17   objection.  Misleading?

18   MR. CARDINALE:  Misleading.

19   THE COURT:  Objection overruled.

20   A    Yes.

21   Q    Would you describe those for the jury, please?

22   MR. CARDINALE:  Objection, your Honor.

23   THE COURT:  Overruled.

24   MR. WEINSTEIN:  I object to the repetition,

25   your Honor, the accumulation of testimony by reference to

1  specified conversations, and I also object, your Honor, to

2  the witness being allowed to specify any conversations on the

3  basis that the hearing of any conversations is solely within

4  the province of the jury.

5          THE COURT:  Objection overruled.  Basis

6  for it insufficient.

7  A    Referring to Transcript 11 --

8          MR. WEINSTEIN:  Objection.

9          THE COURT:  Now, response to the question?

10  You're objecting to the question or to his response?

11          MR. WEINSTEIN:  My objection is to the

12  witness's comment --

13          THE COURT:  Just respond to the question

14  directly.

15  A    A series of conversations involving Larry Zannino,

16  John Cincotti and others, Larry himself as the boss of the

17  other people who are in the room, and then he says, "Well,

18  maybe I'm not an idiot."

19          MR. WEINSTEIN:   I object, your Honor.

20  Foundation for reference to speak as the witness has

21  already testified that he knows no identity of any speaker.

22          THE COURT:  Okay.

23          MS. KOTTMYER:  May I have a moment, your

24  Honor?

25          THE COURT:  Yes.

1    MS. KOTTMYER:  I will withdraw the

2  question, your Honor.

3  Q    (By Ms. Kottmyer) Agent Nelson, without reciting what

4  is in any particular conversation, could you identify for

5  the jurors by number the tape recordings upon which you base

6  your opinion as to the role of Gennaro Angiulo in the

7  organization?

8  A    Yes.

9  Q    Would you do that, please?

10  A    No. 1, No. 3, No. 304-1, No. 28, No. 309, No. 551,

11  No. 97, No. 310, No. 547, No. 181, No. 97, No. 322, No. 304-1,

12  No. 11M1, No. 360, No. 508, No. 509, No. 512, No. 520,

13  No. 312-1, No. 347-1, No. 347-2, No. 361, No. 364, No. 366,

14  No. 345, No. 512, No. 549, No. 558, and No. 678.

15    THE COURT:  Some of those are repeats; is

16  that correct?

17    THE WITNESS:  I didn't intend them to be.

18    THE COURT:  304, is there a reason for you

19  repeating that?  Example, 309 -- no, I guess not.

20    THE WITNESS:  I had different pages here

21  in my notes, your Honor, to refer to.  That's why.

22    THE COURT:  So otherwise, the repeat is

23  just a repeat?

24    THE WITNESS:  Yes.

25  Q    On the basis of your experience, Agent Nelson, and on

C E R T I F I C A T E

I, Lisa McDonald, Contract Reporter of the United States District Court, do hereby certify that the foregoing transcript from Pages 33-1 through 33-104 is a true and accurate transcription of my stenotype notes to the best of my skill and ability taken in the aforementioned action.

Lisa McDonald