UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENNARO J. ANGIULO | ) |
| | ) |
| v. | ) Civil Action No. 04-40041-FDS |
| | ) |
| DAVID L. WINN, et al. | ) |

**GOVERNMENT'S OPPOSITION TO PETITIONER ANGIULO'S
MOTION TO FURTHER AMEND PETITION FOR
WRIT OF HABEAS CORPUS**

By this memorandum, the United States formally opposes Petitioner Gennaro J. Angiulo's ("Angiulo") motion to further amend his third request for habeas relief. Angiulo mistakenly relies upon the Supreme Court's decision in Blakely v. Washington, 124 S.Ct. 2531 (2004) arguing that it is applicable to the regulations of the United States Parole Commission ("Commission"). Petitioner's motion is fundamentally flawed, legally unpersuasive, and the government respectfully requests that his motion be denied.

Angiulo's second amended petition relies exclusively on the Supreme Court's recent decision in Blakely. Blakely, however, is inapplicable to the parole scheme. The Court's decision in Blakely dealt with a **determinate** sentencing system (i.e., sentencing guidelines). In contrast, cases within the Parole Commission's jurisdiction are **indeterminate** (i.e., the sentencing judge sentences to a maximum term, and the Commission decides whether to parole the prisoner before service of that maximum term). Decisions by the Commission do not "lengthen a prisoner's

sentence"; the length of his sentence was determined by the sentencing judge. At bottom, the Commission's decision simply determines whether the prisoner will serve his sentence in confinement or in the community under supervision. It is settled Supreme Court law that the parole process is not part of the criminal prosecution; rather, "[p]arole arises after the end of the criminal prosecution, including the imposition of sentence." Morrissey v. Brewer, 408 U.S. 471, 480 (1972).

Furthermore, there is no reasonable analogy between the Commission's function in making a parole decision and the factual situation confronted by Blakely. The issue the Supreme Court addressed in Blakely concerned a sentencing judge increasing a sentence imposed above the statutory maximum (defined as the top of the sentencing guideline range) based on facts not found by a jury. In any parole case, the analogous "statutory maximum" is the sentence actually imposed by the sentencing judge, and the Commission cannot, under its statutory grant of authority, require the prisoner to serve more time than the sentence imposed by the judge. In fact, the longest that any prisoner under **indeterminate** sentencing can serve in prison is either two-thirds of the sentence imposed (see 18 U.S.C. §4206(d)(mandatory parole after service of two-third unless additional findings made)), or his full-term less accumulated good time credits, whichever is shorter (see 18 U.S.C. §4164(mandatory release at full term less good time credits, with supervision "as if on parole" to

follow)). There is no scenario in which the Commission can require a prisoner to serve more time than ordered by the sentencing judge. Therefore, petitioner's attempt to use Blakely to his advantage must be rejected; it is simply inapposite.

**Conclusion**:

For the foregoing reasons, petitioner's second motion to amend the habeas petition must be denied.

Respectfully submitted,
MICHAEL J. SULLIVAN
United States Attorney

By
ERNEST S. DiNISCO
Assistant U.S. Attorney


CERTIFICATE OF SERVICE

Suffolk, ss.                                  Boston, Massachusetts
                                              August 4, 2004

This is to certify that I have this day served a copy of the foregoing document by mail on Gennaro J. Angiulo, 03583-016, F.M.C. Devens, P. O. Box 879, Ayer, Massachusetts 01432-0879.

ERNEST S. DiNISCO
Assistant U. S. Attorney