IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Gennaro Angiulo, §
     (Petitioner) §
§
§
v. § Case No. Civil Action: 04-40041-FDS
§
§
David L. Winn, Warden, §
U.S. Parole Commission, §
     (Respondents) §

---

**MOTION FOR HEARING AND DISCOVERY OF MATERIAL EVIDENCE
IN POSSESSION OF THE GOVERNMENT PURSUANT TO RULE 6 9a) and (b)
OF THE FEDERAL RULES GOVERNING SECTION 2254 CASES**

---

**COMES NOW**, Petitioner Gennaro Angiulo, (hereinafter: "petitioner") and respectfully moves this court for leave to conduct discovery for good cause and a hearing to question under oath certain individuals having personal knowledge of material facts that will assist the court in making sound and meaningful determinations of the issues now before it. In support of this motion, petitioner states as follows:

1.  A habeas corpus petitioner is entitled to invoke the process of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so. See supra, also see **All Writs Act**, 28 USC § 1651, which gives federal courts

1.

the power to "fashion appropriate models of procedure, .... including discovery, to dispose of habease petitions .... as law and justice require." Bracy v. Gramley, 520 U.S. 899, 117 S.Ct. 1793 (1997).

2. In Harris v. Nelson, 394 U.S. 286 (1969), the Supreme Court stated that:

> "[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is .... entitled to relief, it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry...." (emph. added),

Habeas Corpus Rule 6 ia meant to be "consistant" with Harris, Id.

3. Petitioner has developed facts and allegations throughout his litigation that require further developement. Indeed, the respondent through their attorney has continued to place before the court alleged facts and information steeped in unreliability and deception. Petitioner must show a level of specificity to support a rule 6(a) discovery need.

4. Respondent's Opposition is replete with what can be shown to be pertinent mischaracterizations and deliberate falsehoods that are known by their attorney to be unreliable, and wholly false.

5. For example: AUSA DiNisco knows, and possesses personal knowledge that in the period of time leading up to petitioner's indictment and prosecution, Agent's Quinn and Cloherty traveled to California in search of Robert DeDieco concerning the Bennett murders.

AUSA DiNisco was a Strike Force attorney during this period and knows that Angiulo was not implicated in the Bennett murders. Petitioner moves under rule 6 (a) for all information in the files of the United States Attorney for the District of Massachusetts in regards to the Bennett investigations and Agents Quinn and Cloherty's FBI 302's re: <u>Bennett</u>.

6. Petitioner further requests discovery under rule 6 (a) to examine under oath both Agents, and AUSA DiNisco with further funds to search and locate Mr. DeDieco (a government informant) for examination at a future hearing.

7. Petitioner further requests pursuant to rule 6 (a) access to pertinent case files in the matter of **United States v. Salemme**, No. 94-10287-MLW and **United States v. John J. Connolly, Jr.**, 99-10428-JLT, wherein certain portions of testimony and Department of Justice documents exonerate petitioner of the murder, or conspiracy thereof, the Bennett Brothers. In the alternative, petitioner will stipulate to a concession by the government that petitioner had no direct, or indirect involvement in the Bennett murders.

8. Petitioner seeks under Rule 6 (a) to expand the record to include certain portions of Rep. Burton's <u>Congressional Committee Hearings</u> testimony to include evidence that petitioner had no responsibility in the Bennett Brother's murders, or a finding by the court that such evidence surfaced during congressional hearings.

9.  Petitioner moves under rule 6 (a) to examine Agent James Nelson, whose trial testimony was utilized by respondent to impermissably expand the record and broaden the evidence put forward during Angiulo's actual parole hearing. Petitioner will submit one (1) question to Agent Nelson: Specifically, "Agent Nelson, during the period of time you were listening to the Angiulo tapes, did you ever hear Mr. Angiulo referred to as "under-boss" in verbal conversations captured on those tapes?

10. There is good cause under the rule of Bracy, supra, and petitioner has established a sufficient showing that respondent has based their decision to deny Angiulo his liberty on unreliable and in most instances, untruthful evidentiary facts.

> "In any event, .... there is no question that, if it could be proved, such camouflaging bias on [the government's] part in petitioner's own case would violate the Due Process Clause of the Constitution." Id. Bracy at 905.

11. Thus, ".... the facts in a habeas petition need not be so detailed as to establish prima facie entitlement to habeas relief; they are sufficient if they suggest the real possibility that constitutional error has been committed." **Calderon v. U.S. Dist. Court for the Northearn Dist. of California**, 98 F.3d 1102, 1109 ((th Cir.1996). Petitioner's pleadings are complete with sufficient facts and issues to impress this court that discovery, and hearings are required to put respondent to the test of establishing the

4.

truthfulness of the "evidence" used to illegally deny Angiulo his freedom after 21 years of imprisonment.

**WHEREFORE**, Gennaro Angiulo prays for the allowance of this Motion to prevent a manifest miscarriage of justice.

Submitted This ___16___ Day of August, 2004.

Respectfully submitted,

*Gennaro Angiulo Pro-Se*
Gennaro Angiulo #03583-016
FMC Devens/J-A
P.O. Box 879
Ayer, MA   01432

### CERTIFICATE OF SERVICE

I, Gennaro Angiulo hereby state that I have this date mailed a true and complete copy of the foregoing motions to the Office Of The United States Attorney, C/O AUSA Ernest DiNisco, 1 Courthouse Way, Moakley Federal Building, Boston, MA   02210

*Gennaro Angiulo Pro-Se*
Gennaro Angiulo, pro se
Petitioner

cc. file