

U. S. DISTRICT COURT
DISTRICT OF NEVADA
FILED

JUL 1 5 1986

CAROL C. FITZGERALD, CLERK

BY _____ DEPUTY

1  WILLIAM A. MADDOX, United States Attorney
2  LAWRENCE R. LEAVITT, Attorney in Charge
   EPIC JOHNSON, Special Attorney
3  U. S. Department of Justice
   Las Vegas Strike Force
4  300 South Fourth Street
   Suite 1005
5  Las Vegas, NV 89101
   (702) 388-6363
6  Attorneys for the Government

7              UNITED STATES DISTRICT COURT

8                  DISTRICT OF NEVADA

9                     - oOo -

10  UNITED STATES OF AMERICA,        )
                                     )
11              Plaintiff,           )    Cr. S 86-95
                                     )    _____
12      vs.                          )
                                     )    VIOLATIONS:  18 U.S.C. § 371
13  DOMINIC SPINALE,                 )    - Conspiracy;  18  U.S.C.
    EDWARD DeLEO,                    )    § 1955 - Illegal Gambling
14  THOMAS PALLADINO, JR. and        )    Business; 18 U.S.C. § 1084
    DONATO ANGIULO,                  )    (a) - Interstate
15                                   )    Transmission of Wagering
                                     )    Information; 18 U.S.C.
16                                   )    § 1952 - Use of Interstate
                                     )    Facility in Aid of
17                                   )    Racketeering Activity; 18
                Defendants.          )    U.S.C. § 2 - Aiding and
18  _____  )    Abetting

19                   I N D I C T M E N T

20                       COUNT I
                       (Conspiracy)

21      The Grand Jury charges:  T H A T

22          1.  For the purposes of this Indictment, a bookmaker is

23  a person who is engaged in the business of accepting wagers, most

24  commonly on sporting events, whereby the bettor is generally

25  required to pay the bookmaker a certain percentage or commission

26  on wagers which the bettor loses as payment for the privilege of

Exhibit - 4

1  betting, such that, where the percentage or commission is ten

2  percent, the bettor must risk $110 in an attempt to win $100.

3      2.  For the purposes of this Indictment, the "line" on

4  a sporting event, which is disseminated by the bookmaker to his

5  bettors, is defined as the number of points which are added to

6  the final score of the disfavored team or subtracted from the

7  final score of the favored team to make the two teams more even

8  for wagering purposes.

9      3.  For the purposes of this Indictment a "lay-off bet"

10  exists when a bookmaker has more money bet on one side of a line

11  for a sporting event than on the other side of the line and the

12  bookmaker bets all or part of the excess money on the one side of

13  the line with a second bookmaker at the second bookmaker's line

14  and pays the prevailing percentage or commission if he loses.

15      4.  For the purposes of this Indictment, a "line

16  source" in a bookmaker's operation is a person who obtains or

17  originates a line on one or more sporting events and reports the

18  line to the bookmaker.

19      5.  From on or about September 24, 1984, and

20  continuously thereafter up to and including on or about December

21  4, 1984, in the District of Nevada and elsewhere, defendants

22  DOMINIC SPINALE, EDWARD DeLEO and THOMAS PALLADINO, JR. and

23  others whose names are unknown to the Grand Jury, did willfully

24  and knowingly combine, conspire, confederate and agree together

25  and with each other to commit an offense against the United

26  States as follows:

- 2 -

To conduct, finance, manage, supervise, direct or own an illegal gambling business involving sports bookmaking in violation of the Laws of the State of Massachusetts, said illegal gambling business involving five or more persons in its conduct, management, financing, supervision, direction and ownership, said illegal gambling business being in substantially continuous operation for a period in excess of thirty days, and said illegal gambling business having a gross revenue in excess of $2,000.00 on one or more days, in violation of Title 18, United States Code, Section 1955.

6.    It was part of the plan and purpose of the conspiracy that:

a.    The defendant THOMAS PALLADINO, JR. operated a bookmaking operation in and around East Boston, Massachusetts, taking bets on sporting events;

b.    An individual known as "Mario" operated a bookmaking operation in and around Boston, Massachusetts, taking bets on sporting events;

c.    The defendant THOMAS PALLADINO, JR. received the line he used in his bookmaking operation from Mario;

d.    Mario exercised influence and control over the time periods defendant THOMAS PALLADINO, JR. would accept bets during a day;

e.    Defendant EDWARD DeLEO with assistance from and at the direction of defendant DOMINIC SPINALE provided regular line information to Mario by calling Mario from telephones in or about

- 3 -

Las Vegas, Nevada, to a telephone in or about Boston, Massachusetts;

f. Mario utilized an unknown line source other than defendants EDWARD DeLEO and DOMINIC SPINALE to receive line information;

g. Defendant THOMAS PALLADINO, JR. received line information from and placed layoff bets with at least four individuals whose identities are not known to the Grand Jury.

In furtherance of this conspiracy, and to effect the objects thereof, in the District of Nevada and elsewhere, the defendants committed the following overt acts, among others:

1. On September 24, 1984, defendant DeLEO used a pay telephone at the Stardust Hotel and Casino, Las Vegas, Nevada, to call Mario at a telephone located in or about Boston, Massachusetts, and provided Mario with line information.

2. On September 27, 1984, defendant DeLEO used a pay telephone at the Stardust Hotel and Casino, Las Vegas, Nevada, to call Mario at a telephone located in or about Boston, Massachusetts, and provided Mario with line information.

3. On September 28, 1984, defendant DeLEO used a pay telephone at the Stardust Hotel and Casino, Las Vegas, Nevada, to call Mario at a telephone located in or about Boston, Massachusetts, and provided Mario with line information.

4. On September 29, 1984, defendant DeLEO used a pay telephone at the Stardust Hotel and Casino, Las Vegas, Nevada, to

- 4 -

call Mario at a telephone located in or about Boston, Massachusetts, and provided Mario with line information.

5.   On September 30, 1984, defendant DeLEO used a pay telephone at the Stardust Hotel and Casino, Las Vegas, Nevada, to call Mario at a telephone located in or about Boston, Massachusetts, and provided Mario with line information.

6.   On October 1, 1984, defendant DeLEO used a pay telephone at the Stardust Hotel and Casino, Las Vegas, Nevada, to call Mario at a telephone located in or about Boston, Massachusetts, and provided Mario with line information.

7.   On October 3, 1984, defendant DeLEO used a pay telephone at the Stardust Hotel and Casino, Las Vegas, Nevada, to call Mario at a telephone located in or about Boston, Massachusetts, and provided Mario with line information.

8.   On October 4, 1984, defendant DeLEO used a pay telephone at the Stardust Hotel and Casino, Las Vegas, Nevada, to call Mario at a telephone located in or about Boston, Massachusetts, and provided Mario with line information.

9.   On October 6, 1984, defendant DeLEO used a pay telephone at the Stardust Hotel and Casino, Las Vegas, Nevada, to call Mario at a telephone located in or about Boston, Massachusetts, and provided Mario with line information.

10.   On October 7, 1984, defendant DeLEO used a pay telephone at the Stardust Hotel and Casino, Las Vegas, Nevada, to call Mario at a telephone located in or about Boston, Massachusetts, and provided Mario with line information.

— 5 —

11. On October 8, 1984, defendant DeLEO used a pay telephone at the Stardust Hotel and Casino, Las Vegas, Nevada, to call Mario at a telephone located in or about Boston, Massachusetts, and provided Mario with line information.

12. On October 9, 1984, defendant DeLeo used a pay telephone at the Stardust Hotel and Casino, Las Vegas, Nevada, to call Mario at a telephone located in or about Boston, Massachusetts, and provided Mario with line information.

13. On October 10, 1984, defendant DeLEO used a pay telephone at the Stardust Hotel and Casino, Las Vegas, Nevada, to call Mario at a telephone located in or about Boston, Massachusetts, and provided Mario with line information.

14. On October 13, 1984, defendant DeLEO used a pay telephone at the Stardust Hotel and Casino, Las Vegas, Nevada, to call Mario at a telephone located in or about Boston, Massachusetts, and provided Mario with line information.

15. On October 15, 1984, defendant DeLEO used a pay telephone at the Stardust Hotel and Casino, Las Vegas, Nevada, to call Mario at a telephone located in or about Boston, Massachusetts, and provided Mario with line information.

16. On October 15, 1984, defendant DeLEO used a pay telephone at the Stardust Hotel and Casino, Las Vegas, Nevada, to call defendant PALLADINO at a telephone located in or about East Boston, Massachusetts, and asked PALLADINO to contact Mario and provide him line information on a sports event.

. . .

- 6 -

17. On October 17, 1984, defendant DeLEO used a pay telephone at the Stardust Hotel and Casino, Las Vegas, Nevada, to call Mario at a telephone located in or about Boston, Massachusetts, and provided Mario with line information.

18. On October 18, 1984, defendant DeLEO used a pay telephone at the Stardust Hotel and Casino, Las Vegas, Nevada, to call Mario at a telephone located in or about Boston, Massachusetts, and provided Mario with line information.

19. On October 19, 1984, defendant DeLEO used a pay telephone at the Stardust Hotel and Casino, Las Vegas, Nevada, to call Mario at a telephone located in or about Boston, Massachusetts, and provided Mario with line information.

20. On October 20, 1984, defendant DeLEO used a pay telephone at the Stardust Hotel and Casino, Las Vegas, Nevada, to call Mario at a telephone located in or about Boston, Massachusetts, and provided Mario with line information.

21. On October 26, 1984, defendant DeLEO used a pay telephone at the Stardust Hotel and Casino, Las Vegas, Nevada, to call Mario at a telephone located in or about Boston, Massachusetts, and provided Mario with line information.

22. On October 27, 1984, defendant DeLEO used a pay telephone at the Stardust Hotel and Casino, Las Vegas, Nevada, to Massachusetts, and provided Mario with line information.

23. On November 2, 1984, defendant DeLEO used a pay telephone at the Stardust Hotel and Casino, Las Vegas, Nevada, to

Mario at a telephone located in or about Boston, Massachusetts, and provided Mario with line information.

24. On November 7, 1984, defendant DeLEO used a pay telephone at the Stardust Hotel and Casino, Las Vegas, Nevada, to call Mario at a telephone located in or about Boston, Massachusetts, and provided Mario with line information.

25. On November 25, 1984, defendant SPINALE used his home telephone in Las Vegas, Nevada, to call Mario at a telephone located in or about Boston, Massachusetts, concerning the providing of line information to Mario.

All in violation of Title 18, United States Code, Section 371.

COUNT II
(Illegal Gambling Business and;
Aiding and Abetting)

The Grand Jury further charges:  T H A T

1. Paragraphs 1, 2, 3 and 4 of Count I of this Indictment are realleged and incorporated herein by reference as though each paragraph was set forth herein at length.

2. From on or about September 24, 1984, and continuing up to on or about December 4, 1984, in the District of Nevada and elsewhere, the defendants DOMINIC SPINALE, EDWARD DeLEO and THOMAS PALLADINO, JR. and others whose names are unknown to the Grand Jury, did knowingly and intentionally conduct, finance, manage, supervise, direct and own an illegal gambling business involving sports bookmaking, said gambling business being in violation of Massachusetts General Laws Annotated, Chapter 271,

- 8 -

Sections 17 and 17A, said gambling business involving five or more persons in its conduct, management, financing, supervision, direction or ownership, said gambling business having been in substantially continuous operation for a period in excess of thirty days, and said gambling business having a gross revenue in excess of $2,000.00 on one or more days.

3.   It was part of the design and organization of the illegal gambling business that:

a.   The defendant THOMAS PALLADINO, JR. operated a bookmaking operation in and around East Boston, Massachusetts, taking bets on sporting events;

b.   An individual known as "Mario" operated a bookmaking operation in and around Boston, Massachusetts, taking bets on sporting events;

c.   The defendant THOMAS PALLADINO, JR. received the line he used in his bookmaking operation from Mario;

d.   Mario exercised influence and control over the time periods defendant THOMAS PALLADINO, JR. would accept bets during a day;

e.   Defendant EDWARD DeLEO with assistance from and at the direction of defendant DOMINIC SPINALE provided regular line information to Mario by calling Mario from telephones in or about Las Vegas, Nevada, to a telephone in or about Boston, Massachusetts.

.  .  .

.  .  .

— 9 —

f.   Mario utilized an unknown line source other than defendants EDWARD DeLEO and DOMINIC SPINALE to receive line information.

g.   Defendant THOMAS PALLADINO, JR. received line information from and placed layoff bets with at least four individuals whose true identities are unknown to the Grand Jury.

4.   On or about November 26, 1984, within the District of Nevada and elsewhere, the defendant [DONATO ANGIULO] knowingly and intentionally aided and abetted the ongoing illegal gambling business described in Paragraphs 2 and 3 of this Count by placing a telephone call from outside the State of Nevada to defendant DOMINIC SPINALE in Las Vegas, Nevada, for the purpose of concealing and protecting the said ongoing illegal gambling business from investigation and detection by the Federal Bureau of Investigation.

All in violation of Title 18, United States Code, Sections 1955 and 2.

COUNTS III - XXVI
(Interstate Transmission of Wagering
Information; Aiding and Abetting)

The Grand Jury further charges:  T H A T

On or about the dates hereinafter set forth in Counts III through XXVI, which Counts reallege and incorporate by reference Paragraphs 1 and 2 of Count I of this Indictment, within the District of Nevada and elsewhere, the defendants DOMINIC SPINALE, EDWARD DeLEO and THOMAS PALLADINO, JR., being engaged in the business of betting and wagering, a gambling

- 10 -

business involving bookmaking, did knowingly use and cause to be used, a wire communication facility, that is, a telephone, for the transmission and exchange of line information in interstate commerce between Las Vegas, Nevada, and in or near the locations hereinafter set forth in Counts III through XXVI, which information assisted the defendants in their gambling business in the acceptance of bets and wagers on sporting events and contests.

| COUNT | DATE | LOCATION |
|---|---|---|
| III | September 24, 1984 | Boston, Massachusetts |
| IV | September 27, 1984 | Boston, Massachusetts |
| V | September 28, 1984 | Boston, Massachusetts |
| VI | September 29, 1984 | Boston, Massachusetts |
| VII | September 30, 1984 | Boston, Massachusetts |
| VIII | October 1, 1984 | Boston, Massachusetts |
| IX | October 3, 1984 | Boston, Massachusetts |
| X | October 4, 1984 | Boston, Massachusetts |
| XI | October 6, 1984, at approximately 8:26 a.m., Pacific Time | Boston, Massachusetts |
| XII | October 7, 1984 | Boston, Massachusetts |
| XIII | October 8, 1984 | Boston, Massachusetts |
| XIV | October 9, 1984 | Boston, Massachusetts |
| XV | October 10, 1984 | Boston, Massachusetts |
| XVI | October 13, 1984 | Boston, Massachusetts |

. . .

| COUNT | DATE | LOCATION |
|-------|------|----------|
| XVII | October 15, 1984 | Boston, Massachusetts |
| XVIII | October 15, 1984 | East Boston, Massachusetts |
| XIX | October 17, 1984 | Boston, Massachusetts |
| XX | October 18, 1984 | Boston, Massachusetts |
| XXI | October 19, 1984 | Boston, Massachusetts |
| XXII | October 20, 1984 | Boston, Massachusetts |
| XXIII | October 26, 1984 | Boston, Massachusetts |
| XXIV | October 27, 1984 | Boston, Massachusetts |
| XXV | November 2, 1984 | Boston, Massachusetts |
| XXVI | November 7, 1984 | Boston, Massachusetts |

All in violation of Title 18, United States Code, Sections 1084 and 2.

## COUNTS XXVII – L
### (Use of Interstate Facility in Aid of Racketeering Activity; Aiding and Abetting)

The Grand Jury further charges:  T H A T

On or about the dates hereinafter set forth in Counts XXVII through L, within the District of Nevada and elsewhere, the defendants DOMINIC SPINALE, EDWARD DeLEO and THOMAS PALLADINO, JR. did willfully, knowingly and unlawfully use and cause to be used a facility in interstate commerce, to wit:  a telephone, with the intent to promote, manage, establish, carry on or facilitate the promotion, management, establishment or carrying on of an unlawful activity, to wit: a business enterprise involving gambling in violation of Title 18, United States Code,

. . .

– 12 –

2  ~~sections 1999 and 1904 and Massachusetts General Laws Annotated,~~

Chapter 271, Sections 17 and 17A, in that the defendant EDWARD

3  DeLEO did place telephone calls from the State of Nevada to

4  individuals hereinafter set forth in Counts XXVII through L in

5  the State of Massachusetts, and thereafter said defendants did

6  perform and attempt to perform acts to promote, manage,

establish, carry on or facilitate the promotion, managemement,

7  establishment or carrying on of said unlawful activity by

8  participating in subsequent telephone conversations.

9

10

| COUNT | DATE | INDIVIDUAL |
|-------|------|------------|
| XXVII | September 24, 1984 | Individual known as Mario |
| XXVIII | September 27, 1984 | Individual known as Mario |
| XXIX | September 28, 1984 | Individual known as Mario |
| XXX | September 29, 1984 | Individual known as Mario |
| XXXI | September 30, 1984 | Individual known as Mario |
| XXXII | October 1, 1984 | Individual known as Mario |
| XXXIII | October 3, 1984 | Individual known as Mario |
| XXXIV | October 4, 1984 | Individual known as Mario |
| XXXV | October 6, 1984, at approximately 8:26 a.m., Pacific Time | Individual known as Mario |
| XXXVI | October 7, 1984 | Individual known as Mario |
| XXXVII | October 8, 1984 | Individual known as Mario |
| XXXVIII | October 9, 1984 | Individual known as Mario |
| XXXIX | October 10, 1984 | Individual known as Mario |
| XL | October 13, 1984 | Individual known as Mario |

- 13 -

| COUNT | DATE | INDIVIDUAL |
|---|---|---|
| XLI | October 15, 1984 | Individual known as Mario |
| XLII | October 15, 1984 | Defendant THOMAS PALLADINO, Jr. |
| XLIII | October 17, 1984 | Individual known as Mario |
| XLIV | October 18, 1984 | Individual known as Mario |
| XLV | October 19, 1984 | Individual known as Mario |
| XLVI | October 20, 1984 | Individual known as Mario |
| XLVII | October 26, 1984 | Individual known as Mario |
| XLVIII | October 27, 1984 | Individual known as Mario |
| XLIX | November 2, 1984 | Individual known as Mario |
| L | November 7, 1984 | Individual known as Mario |

All in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

COUNT LI
(Use of Interstate Facility in Aid of
Racketeering Activity; Aiding and Abetting)

The Grand Jury further charges: T H A T

On or about November 26, 1984, within the District of Nevada and elsewhere, the defendants DOMINIC SPINALE, EDWARD DeLEO, THOMAS PALLADINO, Jr. and DONATO ANGIULO, did willfully, knowingly and unlawfully use a facility in interstate commerce, to wit: a telephone, with the intent to promote, manage, establish, carry on or facilitate the promotion, management, establishment or carrying on of an unlawful activity to wit: a business enterprise involving gambling in violation of Title 18, United States Code, Sections 1955 and 1084 and Massachusetts General Laws Annotated, Chapter 271, Sections 17 and 17A, in that the

~ 14 ~

1    defendant DOMINIC SPINALE received a telephone call in the State
2    of Nevada from defendant DONATO ANGIULO outside the State of
3    Nevada and thereafter defendant SPINALE did perform and attempt
4    to perform acts to promote, manage, establish, carry on or
5    facilitate the promotion, management, establishment or carrying
6    on of said unlawful activity by participating in a subsequent
7    telephone call with defendant PALLADINO and by travelling from
8    the State of Nevada to the State of Massachusetts.
9         All in violation of Title 18, United States Code,
10   Sections 1952(a)(3) and 2.
11
12                    A TRUE BILL.
13
14   _____          _____
     FOREPERSON OF THE GRAND JURY             WILLIAM A. MADDOX
                                              United States Attorney
15
16
17                                            _____
18                                            LAWRENCE R. LEAVITT
                                              Special Attorney
19                                            U. S. Department of Justice
                                              Las Vegas Strike Force
20
21                                            _____
22                                            ERIC JOHNSON
                                              Special Attorney
23                                            U. S. Department of Justice
                                              Las Vegas Strike Force
24
25
26
                              - 15 -