UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GENNARO J. ANGIULO     )
                       )
         v.            )  Civil Action No. 04-40041-FDS
                       )
DAVID L. WINN, et al.  )
                       )

## GOVERNMENT'S RESPONSE TO PETITIONER'S TRAVERSE AND FURTHER MOTION FOR DISCOVERY

In his Traverse and Further Motion for Discovery, petitioner attempts to change the character, nature, and scope of his Section 2241 habeas petition, which originally sought judicial relief from a decision of the United States Parole Commission ("Commission"), and once again attacks the facts and law supporting his underlying conviction. Angiulo's traverse adds nothing of substance to his original claim contesting the Commission's decision to deny him parole. Furthermore, petitioner's discovery requests are simply irrelevant to this petition and should be summarily rejected by the Court.

In his petition, Angiulo simply misstates several issues.[1] For example, his claim that there is information somewhere within the government's files "freeing [him] from any specific case factors of murder" must be rejected. (Petitioner's response, p. 6.) What is properly before this court is the United States Parole Commission's decision denying petitioner parole, and the

---

[1] It is not the intention of this response to address all the points raised by petitioner in his reply, to the extent that they can be understood, but to respond only to the most salient misconceptions.

only question before this court is whether the Commission's decision is supported by a rational basis on the record before the Commission. (See cases cited previously in government's response, pp. 14-16.) The Commission is not an investigative agency and must base its decisions on the record before it, not on whatever information may speculatively exist in the files of other government entities. See Fardella v. Garrison, 698 F.2d 208, 211 (4th Cir. 1982)(Parole Commission not investigative agency, has no duty to investigate or gather information but must rely on information submitted to it). The Commission's decision is supported by a rational basis for the reasons previously stated.

Petitioner's assertion that he was not found guilty of murder is beside the point. Under the Commission's rules, he is held accountable for his own criminal actions and those done in concert with others, including the actions of associates whose conduct he could reasonably foresee. 28 C.F.R. §2.20, Chapter Thirteen, Subchapter A, General Note 4. The Commission properly acted under its rules when it held petitioner accountable for murder committed by criminal associates with whom he acted in concert (i.e., members of the crime family who were under his control).

Petitioner is operating under the mistaken assumption that the Commission must make its findings of fact by the beyond a

reasonable doubt standard. (Petitioner's Opposition, p. 11.) In fact, the Commission's regulation makes clear that the Commission's parole decisions are made by the preponderance of the evidence standard. 28 C.F.R. §2.19(c). The Commission is not required by law to "verify the validity contained in the investigative report," but rather to weigh that information against any other information contained in the file and/or presented by the inmate, and then make findings of fact by the preponderance of the evidence standard. As explained in the government's supplemental filing, <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004), does not change this.

Petitioner's claim that he is entitled to a different parole decision, or to release pursuant to the Sentencing Guidelines because of a footnote in the legislative history of the Sentencing Reform Act is also meritless. The proposal expressed in that footnote is not in the final version of the Sentencing Reform Act. Footnote 430 of the Senate Report states: "The Committee intends that, in the final setting of release dates under this provision, the Parole Commissioner gives the prisoner the benefit of the applicable new sentencing guideline if it is lower than the minimum parole guideline." See Senate Report No. 98-225 at page 189, Note 430, <u>reprinted in</u> 1984 U.S. Code Cong. & Adm. News 3372. This legislative history is clearly hortative and does not create positive law. "Legislative history is used

3

to clarify the meaning of a text, not create extra-statutory law." <u>Church of Scientology v. IRS</u>, 792 F.2d 153, 162 n.4 (D.C. Cir. 1986).

A review of §235(b)(3) reveals no language with regard to the sentencing guidelines, and the statute as enacted can not be reasonably interpreted to include a requirement that the Commission set a release date pursuant to the sentencing guidelines, if the sentencing guidelines are more beneficial to the inmate. There is simply no basis in the Constitution, statute, or regulations to support petitioner's position. Congress did not embody the intention suggested (footnote 430) in the legislative history into the actual statute, thus it is not enforceable by this court.

                                    Respectfully submitted,
                                    MICHAEL J. SULLIVAN
                                    United States Attorney

                                  By /s/ Ernest S. Dinisco

                                    ERNEST S. DINISCO
                                    Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

Suffolk, ss.

Boston, Massachusetts
September 14, 2004

This is to certify that I have this day served a copy of the foregoing document by mail on Gennaro J. Angiulo, 03583-016, F.M.C. Devens, P. O. Box 879, Ayer, Massachusetts 01432-0879.

_____
ERNEST S. DINISCO
Assistant U. S. Attorney

5