Gennaro J. Angiulo
#03583-016

F.M.C. Devens, P.O. Box 879,
Ayer, Massachusetts 01432

October 7, 2004

The Honorable Dennis Seylor   Civil Action No. 04-40041 FDS
United States District Court Judge
U.S. District Court
595 Main Street
Worcester, Massachusetts

**RE: POSITION OF PETITIONER GENNARO J. ANGIULO AS TO AUSA DiNISCO'S "RESPONSE" DATED SEPTEMBER 14, 2004**

May it please the Court:

On August 16, 2004, Petitioner Gennaro J. Angiulo submitted for incorporation into the record his "motion for hearing and discovery" under Rule 6(a) and (b), of the Rules governing section 2254 cases.

Thirty days later; and fifteen days tardy, A.U.S.A. DiNisco filed with the Court a four (4) page "response" as to what he alleges "...the most salient misconceptions" of Petitioner's response and request for discovery. This position statement is being placed before the Court to address what may be termed an utterly ludicrous presentation by Mr. DiNisco in rebuttal to Petitioner's viable claims.

Respondent's first suggestion that Petitioner is "changing the character, scope, and nature of his Section 2241 habeas petition," and in so doing," once again attacks the facts and law supporting his underlying conviction" (Gov't Resp. A1) Is wholly and deliberately misrepresenting the procedural history of this litigation.

For instance, Respondent's assertions that Petitioner misstates several issues, I.e. Evidence in the physical possession of the Government that exonerates him from responsibility in the predicate acts of murder is a bold face falsehood. AUSA DiNisco clearly removed himself from the force and strength of Petitioner's request for hearings and further discovery because he is personally aware of such evidentiary facts in the Government's files.

Respondent's obvious intent is to sway this Court into believing that although <u>unproven</u> facts may not be used to convict, they nevertheless can be considered by the Parole Board in setting release dates. Nothing can be more offending to Angiulo's Constitutional Rights than to permit a Government body to make and render decisions affecting one's Liberty based on what has subsequently been shown to be erroneous.

As established in Petitioner's motion for hearing and discovery, this Court has wide latitude in granting fact specific inquiry to establish the <u>bona-fides</u> of material case factors. This is precisely what the Supreme Court has directed the habeas court to undertake.

Accord: Motion For Hearing and Discovery, at pages 1-3.

Respondent would also have this Court believe that the Parole Commission "...is not required by law" to make determinative findings based on reliable data. <u>Id.</u> At 3.

However, all of Angiulo's assertions, allegations, and positions are forcefully presented and supported under persuasive and controlling authority. The chicanery permeating Respondent's pleadings has finally drifted over the edge, and more often than not, appear quite bizarre.

Respectfully, Petitioner has established a compelling case for vacation of his parole determination and request under the habeas corpus rules for hearings and discovery to commence.

Respondents have deliberately turned the focus of Angiulo's claims into an attack on his underlying conviction because they simply possess neither a valid defense, on a believable position. They chose not to address Petitioner's allegations concerning alleged predicate acts of murder. They chose not to address the revelations exposed during the Salemme and Connolly prosecutions.

And lastly, they chose not to put forward any affirmative defense as to Robert DeDieco's debriefing by Agents Quinn and Claugherty, nor the Burton Congressional Committee hearings. The Court should weigh such evasiveness in reaching any decision as to discovery.

In sum, this Court should disregard Respondent's position as to hearings and discovery in its entirety as nothing factually meaningful was addressed. The Court should grant Petitioner's request for discovery and hearing.

Respectfully submitted,

*[signature]*
Gennaro J. Angiulo, #03583-016

### Certificate of Service

I, Gennaro J. Angiulo, hereby certifies that a true copy of the foregoing was mailed to AUSA Ernest S. DiNisco, of the U.S. Attorneys' Office located in Boston, Massachusetts