UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GENNARO J. ANGIULO, <br><br> Petitioner, <br><br> v. <br><br> DAVID L. WINN, <br><br> Respondent. | Civil Action No.<br>04-40041-FDS |

## MEMORANDUM AND ORDER ON
## FURTHER MOTION TO AMEND PETITION

**SAYLOR, J.**

Petitioner Gennaro J. Angiulo, proceeding *pro se*, filed a Motion to Further Amend Petition for Writ of Habeas Corpus on July 21, 2004.[1] The original petition, filed March 29, 2004, alleges that a decision by the United States Parole Commission to deny him early release violated his rights under the Due Process and Ex Post Facto Clauses of the United States Constitution. Petitioner filed a Motion to Amend the petition on June 29, 2004, seeking to add various arguments and citations in support of his original petition; that motion was not opposed by the government, and has been granted by the Court.

Unlike the Motion to Amend, however, the Motion to Further Amend is opposed by the government. The latter motion consists entirely of legal arguments derived from the Supreme Court's decision in *Blakeley v. Washington*, 124 S. Ct. 2531 (2004). Although it is unclear from

---

[1] The Court notes that Anthony M. Cardinale entered an appearance as counsel for petitioner on December 7, 2004.

even a generous reading of the motion, petitioner appears to be asserting either a recast version of his Fifth Amendment due process claim or, possibly, a Sixth Amendment jury trial claim. The government's opposition, filed August 5, 2004, is based largely on grounds of legal futility, asserting that the motion is "fundamentally flawed [and] legally unpersuasive" and should be denied.

The Motion to Further Amend was filed on July 21 and the government's opposition to the original petition was filed on July 26, 2004. The motion was thus filed before any responsive pleading was served. Nonetheless, because the Court has already granted the Motion to Amend, petitioner may only further amend with leave of court. Fed. R. Civ. P. 15(a). While leave to amend "shall be freely given when justice so requires," *Id.*, it should not be allowed where the proposed amendment would be futile or serve no legitimate purpose. *See Judge v. City of Lowell*, 160 F.3d 67, 79 (1st Cir. 1998) (overruled in part on other grounds). In reviewing a complaint for futility, the Court should apply the same standard of review as in a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996).

The Motion to Further Amend does not set forth any additional factual allegations or claims for relief; as noted, it consists simply of legal arguments. Those arguments, in turn, are based entirely on *Blakeley*. The government contends that *Blakeley* is completely inapposite, either directly or by analogy; according to the government, *Blakeley* addressed the right to a jury trial on disputed facts in a state determinate sentencing system, not the decisions of the Parole Commission, and it has no bearing on the issues presented by this case.

The Court agrees with the government's position. The Court is unaware of any authority holding or suggesting that petitioner is entitled to a trial by jury of disputed facts in a matter

pending before the United States Parole Commission. The Court also finds *Blakeley* to be completely irrelevant, even by way of analogy or argument, to any issue presented by this case. Accordingly, the Court finds that the proposed amendment would be futile, and therefore petitioner's Motion to Further Amend Petition for Writ of Habeas Corpus is DENIED.

**So Ordered.**

                                              F. Dennis Saylor IV
                                              United States District Judge

Dated: December 17, 2004