UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GENNARO J. ANGIULO,<br><br>Petitioner,<br><br>v.<br><br>DAVID L. WINN,<br><br>Respondent. | Civil Action No.<br>04-40041-FDS |

## MEMORANDUM AND ORDER ON MOTION TO ADD PARTY RESPONDENT

**SAYLOR, J.**

Petitioner Gennaro J. Angiulo, proceeding *pro se*, filed a Motion to Amend Petition for Writ of Habeas Corpus on June 29, 2004.[1] The original petition, filed March 29, 2004, alleges that a decision by the United States Parole Commission to deny him early release violated his rights under the Due Process and Ex Post Facto Clauses of the United States Constitution. The proposed Amended Petition seeks to add various legal arguments and citations to the petition, without changing the fundamental nature of the petition; the Court has allowed the Motion to Amend without opposition from the government.

On the same date that he filed the Motion to Amend, petitioner filed a Motion to Add

---

[1] The Court notes that Anthony M. Cardinale entered an appearance as counsel for petitioner on December 7, 2004.

Party Respondent under Fed. R. Civ. P. 15(c)(3)(A), (B).[2] Essentially, petitioner seeks to add the United States Parole Commissioner as a respondent, in addition to David L. Winn, the warden of the institution in which petitioner is incarcerated. The government has not filed any opposition to the Motion to Add Party Respondent.

The government's opposition to the original petition was filed July 26, 2004. The Motion to Add Party Respondent was thus filed, with the Motion to Amend the Petition, well before any responsive pleading was served, and ordinarily the Court would treat the motions as one and allow the amendments. *See* Fed. R. Civ. P. 15(a) (party may generally amend a pleading once as a matter of course at any time before a responsive pleading is served).

Nonetheless, it is obvious that the addition of the United States Parole Commissioner as a respondent would be a futile exercise. The proper respondent in a petition for habeas relief is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see Rumsfeld v. Padilla*, 124 S. Ct. 2711, 2717-18 (2004). It would be pointless to add the Parole Commission to this proceeding only to dismiss the claims against it at the earliest possible opportunity. Accordingly, the Motion to Add Party Respondent is DENIED.

**So Ordered.**

_____
F. Dennis Saylor IV
United States District Judge

Dated: December 17, 2004

---

[2] The portion of Rule 15 cited by petitioner concerns relation back of amendments to pleadings, not the addition of new parties.