UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENNARO J. ANGIULO,      )<br>                          )<br>    Petitioner,          )<br>                          )   Civil Action No.<br>    v.                    )   04-40041-FDS<br>                          )<br>DAVID L. WINN, ET AL.,    )<br>                          )<br>    Respondents.          )<br>                          ) | |

**MEMORANDUM AND ORDER ON MOTION FOR
HEARING AND DISCOVERY OF MATERIAL EVIDENCE**

**SAYLOR, J.**

On May 29, 2004, Gennaro J. Angiulo, proceeding *pro se*, filed a petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] The petition alleges that a decision by the United States Parole Commission to deny him early release violated his rights under the Due Process and Ex Post Facto Clauses of the United States Constitution.[2] Petitioner has since amended the petition to add various legal arguments and citations, all of which relate to the denial of early release.

Petitioner is serving a 45-year sentence for racketeering, racketeering conspiracy, illegal gambling, conspiracy to make extortionate extensions of credit, collection of extortionate

---

[1] The Court notes that Anthony M. Cardinale entered an appearance as counsel for petitioner on December 7, 2004.

[2] According to the government, petitioner has also filed two habeas corpus petitions that target his underlying conviction in the last several years.

extensions of credit, obstruction of justice, and conspiracy to obstruct justice. The Parole Commission conducted an initial parole hearing for petitioner on August 23, 2003. The hearing examiner denied petitioner early release, and recommended that he serve out the remaining 320 months of his sentence.[3] The National Appeals Board affirmed that decision on administrative appeal.

On August 18, 2004, petitioner filed a "Motion for Hearing and Discovery of Material Evidence in Possession of the Government" pursuant to Rules 6 and 8 of the Federal Rules Governing § 2254 Cases.[4] Petitioner principally seeks discovery and an evidentiary hearing for the purported purpose of showing that the Parole Commission relied on inaccurate information in its decision to deny him early release, thereby violating his constitutional right to due process.[5] Specifically, he seeks to show that he had no responsibility for, or involvement in, the murders of Walter and William Bennett, and that he was not the Underboss of the Patriarca crime family.

---

[3] The hearing examiner computed Petitioner's Salient Factor Score (which represents the risk posed by a prisoner if released) and his Offense Severity Rating (which represents the severity of the offenses committed and is not limited to offenses of conviction). Under the parole guidelines, the combination of his Offense Severity Rating and Salient Factor Score yielded a range of "100+" months to be served prior to parole release.

The Commission's regulations require it to identify "pertinent case factors" warranting a decision to require incarceration of more than 48 months above the guideline minimum (here, 100 months). In petitioner's case, the Commission described the pertinent case factors as follows:

> You [Anguilo] are a more serious risk than indicated by your Salient Factor Score in that you held a managerial position in an organized crime family. You were involved in conspiracies that resulted in four murders that were carried out in furtherance of an organized criminal enterprise . . . . In addition, you were convicted of obstruction of justice that involved a Grand Jury witness being threatened.

Government's Memorandum, Exhibit 4.

[4] Petitioner actually cites to Rules 6 and 9. Rule 9 deals with delayed petitions and successive petitions. The Court will assume that petitioner meant to cite Rule 8, which deals with evidentiary hearings.

[5] Petitioner does not appear to contend that the requested discovery has any bearing on his claim that the Parole Commission violated the Ex Post Facto Clause.

By challenging the decision of the Parole Commission, petitioner attacks the execution, rather than the validity or the imposition, of his sentence.  Accordingly, he has properly filed for post-conviction relief under 28 U.S.C. § 2241, the traditional habeas corpus remedy for federal prisoners.  *See, e.g., United States v. Barrett*, 178 F.3d 24, 50 n.10 (1st Cir. 1999); *United States v. DiRusso*, 535 F.2d 673, 674-676 (1st Cir. 1976) ("Section 2255 . . . does not grant jurisdiction over a post-conviction claim attacking the execution, rather than the imposition or illegality of the sentence . . . the proper vehicle for attacking the execution of a sentence . . . is 28 U.S.C. § 2241").

The District Court may apply the Rules Governing § 2254 Cases to a petitioner under § 2241.  28 U.S.C. § 2254, Rule 1(b).  Those rules limit petitioners to the discovery devices available in the Federal Rules of Civil Procedure.  28 U.S.C. § 2254, Rule 6(a) (petitioner "shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure").[6]  However, unlike the Civil Rules, Rule 6(a) does not permit litigants to conduct discovery on their own; rather, they must seek the district court's leave to conduct discovery for "good cause shown."  *Id.*  This standard affords district judges considerable discretion as to discovery requests, and permits the use of discovery to establish a prima facie case for relief.  *Bracy v. Gramley*, 520 U.S. 899, 906-909 (1997); *Payne v. Bell*, 89 F. Supp. 2d 967, 970 (W.D. Tenn. 2000).

Rule 8 of the Rules Governing § 2254 Cases provides that the district court "shall . . . .

---

[6] The discovery devices available under Fed. R. Civ. P. 26(a) include depositions, production of documents or other physical materials, physical and mental examinations, requests for admissions, written interrogatories, and permission to enter upon land or other property for inspection or other purposes.  Fed. R. Civ. P. 26(a).

determine whether an evidentiary hearing is required" upon review of the record. 28 U.S.C. § 2254, Rule 8(a).[7] While the court is required to hold a hearing in certain challenges to state court convictions under § 2254, "when a prisoner files a motion pursuant to § 2241, an evidentiary hearing is not mandatory, and the holding of a hearing is left to the discretion of the district court." *Goldberg v. Beeler*, 82 F. Supp. 2d 302, 312 (D. N.J. 1999).[8]

Congress has given the Parole Commission the sole power to grant or deny parole in the exercise of its discretion. *See Solomon v. Elsea*, 676 F.2d 282, 290 (7th Cir. 1982); *Billiteri v. United States Board of Parole*, 541 F.2d 938, 944 (2d Cir. 1976). District courts must defer to the decisions of the Commission unless they are arbitrary or capricious or constitute an abuse of discretion. *Martineau v. Perrin*, 601 F.2d 1201, 1207 (1st Cir. 1979); *Solomon*, 676 F.2d at 290.[9] A reviewing court need only determine "whether there is a rational basis in the record for the Commission's conclusions . . . ." *Solomon*, 676 F.2d at 290.[10]

---

[7] In addition, Rule 7(a) permits the court to "direct that the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the petition." *Id.* § 2254, Rule 7(a).

[8] The court may order discovery before an evidentiary hearing as a means of determining whether there is a factual basis for petitioner's claims, or as a substitute for an evidentiary hearing. *Blackledge v. Allison*, 431 U.S. 63, 81 (1977).

[9] The Courts of Appeal are split on the question of whether courts can review the substantive decisions of the Parole Commission to grant or deny parole. In seven Circuits, including the First, district courts must defer to the decisions of the Commission unless they are arbitrary or capricious or constitute an abuse of discretion. *See Solomon*, 676 F.2d at 290; *Billiteri*, 541 F.2d at 944; *Ducket v.Quick*, 282 F.3d 844, 847 (D.C. Cir. 2002); *Misasi v. United States Parole Commission*, 835 F.2d 754, 758 (10th Cir. 1987); *Brown v. Lundgren*, 528 F.3d 1050, 1054 (5th Cir. 1976) (controls in the 11th Circuit). However, the Third, Fourth, Sixth, Eight, and Ninth Circuits have held that the Commission's substantive decisions cannot be reviewed, even for abuse of discretion. *See, e.g., Wallace v. Christensen*, 802 F.2d 1539, 1545 (9th Cir. 1986); *Jones v. Turner*, 903 F.2d 1178, 1183 (8th Cir. 1990) ("we join the Third, Fourth, Sixth and Ninth Circuits in holding that . . . we do not have jurisdiction to review the substantive decisions of the Commission to grant or deny parole").

[10] In addition, in all Circuits, the court must be satisfied that the Commission has followed statutory and constitutional mandates in its decision-making process. *Jones*, 903 F.2d at 1183-1184; *Wallace*, 802 F.2d at 1551

Here, there was clearly a rational basis in the record for the Commission's decision.[11]  As noted above, petitioner was convicted on multiple criminal counts.  Petitioner's presentence report stated that the evidence at trial proved that petitioner and others conspired to murder Walter Bennett, William Bennett, Joseph Barboza, Angelo Patrizzi, and Walter LaFrenier.  The report also described petitioner as the "Underboss" of the Patriarca crime family.[12]  At the parole hearing, petitioner presented his version of the facts, and denied involvement in the Bennett murders and in the Patriarca crime family.[13]  Government's Memorandum, Exhibit 4.  However, the examiner found, based on a preponderance of the evidence, that "the conviction and the documentation of the conviction [was] still accurate" and that petitioner "held a key managerial position in an organized crime family."  *Id.* at Exhibits 4 and 5.

Therefore, the Court holds that there is not "good cause" to authorize petitioner to conduct discovery for the stated goal of attacking the decision of the Parole Commission, and that it is unnecessary to hold an evidentiary hearing at this time.  Having found a rational basis for the Commission's decision, it would be an exercise in futility to order discovery and conduct a hearing.

---

(explaining that a court may review a decision of the Commission to determine whether it acted outside statutory limits).

[11] Moreover, there is no indication that the Commission employed an improper decision-making process, or that discovery would reveal that it utilized an improper process.

[12] The Commission is required to consider presentence reports when making parole determinations, and is permitted to consider all relevant information within the report, notwithstanding the fact that the report may contain hearsay or refer to evidence of crimes other than the crimes of conviction.  *Goldberg*, 82 F. Supp. 2d at 31.

[13] Pursuant to federal law, petitioner was afforded a hearing, at which he had a right to counsel and to put on evidence, and was given an opportunity to access documents used in the parole determination.  *See* 18 U.S.C. § 4208(b)(2), 4208(e), 4207.  Petitioner apparently waived his right to view documents used in the examiner's decision.  *See* Government's Memorandum, Exhibit 3.

*See Goldberg*, 82 F. Supp. 2d at 310 (the "Commission's decisions will be upheld so long as there is a rational basis in the record to support the Commission's findings"); *cf. Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (*in coram nobis* petition; where record showed that petitioner was not entitled to relief, district court did not abuse its discretion when it declined to hold an evidentiary hearing). The Court is not empowered to usurp the function of the Commission by second-guessing the factual findings that undergird its decision or by re-creating or supplementing the factual record on which its decision was based. *See Farkas v. United States Parole Commission*, 744 F.2d 37, 38 (6th Cir. 1984) (petitioner alleged that Parole Commission relied on inaccurate information in reaching its decision; court held that it could not review the information because the "commission's factual findings . . . are necessary components of its ultimate decision to deny parole"); *Goldberg*, 82 F.Supp. 2d at 311-312 (denying petitioner's request for a hearing to demonstrate that parole board relied on inaccurate information contained in his presentence report; even if court were to accept petitioner's version of facts, there was a rational basis in the record to support Commission's decision).[14]

This is not to say that the proposed discovery and evidentiary hearing would be necessarily inappropriate in other procedural contexts. Petitioner appears to claim that the requested discovery could potentially exonerate him of certain crimes of conviction, and undermine the integrity of certain information in his presentence report. Without passing judgment on the issue, it is at least conceivable that "good cause" might exist to authorize the requested discovery, or to

---

[14] The Court notes that the Commission relied, in large part, on petitioner's crimes of conviction in reaching a decision to deny parole. Thus, the Commission minimized the risk of making a decision on the basis of inaccurate information. *Solomon*, 676 F.2d at 288 (remarking that it is when the Commission relies on information *not* proved in an adversarial setting that it runs the risk of relying on inaccurate information).

hold a hearing, in a challenge to the validity of petitioner's conviction or sentence under 28 U.S.C. § 2255. *See Goldberg*, 82 F. Supp. 2d at 308 (upholding Commission's reliance on what petitioner deemed a flawed presentence report, and finding it "[m]ost likely [that] only the sentencing court would have the power to order a new [presentence report] pursuant to a motion under 28 U.S.C. § 2255").[15]  Here, however, petitioner challenges only the denial of parole.  In this context, there is clearly no basis for discovery or a hearing.

## Conclusion

For the reasons stated in the foregoing memorandum, petitioner's motion for discovery and hearing pursuant to 28 U.S.C. § 2254, Rule 6 and 8 is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: March 14, 2005

---

[15] The Parole Commission's regulations establish a procedure to be followed in the event that information favorable to a prisoner is discovered subsequent to an adverse parole decision.  The regulations provide, in pertinent part, that "[u]pon the receipt of new information of substantial significance favorable to the prisoner, the Regional Commissioner may reopen a case . . . and order a special reconsideration hearing . . . or modify the previous decision."  28 C.F.R. § 2.28(a).